[Criminal No. 297.   Filed March 25, 1911.]

[114 Pac. 566.]

D. A. WILLIAMS, Defendant and Appellant, v. TERRI-
TORY OF ARIZONA, Respondent.

1. HOMICIDE—"MURDER"—INDICTMENT—SUFFICIENCY.—In view of Penal
Code of 1901, section 172, defining "murder" as the unlawful killing
of a human being with malice aforethought, an indictment suffi-
ciently charges murder by alleging facts showing the unlawful kill-
ing of a human being with malice aforethought, without alleging
facts bringing it within one of the statutory degrees of murder; it
being for the jury to determine the degree.

2. SAME—MURDER—ASSAULT TO MURDER.—In view of Penal Code of
1901, section 172, defining murder as the unlawful killing of a human
being with malice aforethought, an indictment charging that accused
unlawfully, willfully, feloniously, and of his deliberately premedi-
tated malice aforethought made an assault with a loaded revolver
upon R., "a human being, with the intent, then and there, willfully,
unlawfully, feloniously, and of his deliberately premeditated malice
aforethought to kill and murder him, the said R.," sufficiently alleged
the crime of assault with intent to murder.

3. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMU-
LATIVE EVIDENCE.—Where, in a prosecution for assault with intent
to murder a police officer, the evidence showed that the officer and
accused had had a prior altercation just before the shooting occurred,
in which each used vile epithets to the other, and the only issue was
as to who was the aggressor in the shooting which followed, an affi-
davit that the officer shortly before the shooting applied a vile epi-
thet to accused, and said that he would get him yet during the night,
was merely cumulative, and not such newly discovered evidence as
would authorize a new trial.

APPEAL from a judgment of the District Court of the
Second Judicial District, in and for Cochise County.   Fletcher
M. Doan, Judge.   Affirmed.

The facts are stated in the opinion.

J. E. Morrison, Allen R. English and John C. Gung'l, for
Appellant.

The indictment in this case does not state facts sufficient to
constitute a public offense.   "In indictments every fact neces-
sary to constitute the crime charged must be directly and

positively alleged; nothing can be charged by implication or intendment." 22 Cyc. 243. The verdict is contrary to the evidence because there is no testimony whatever tending to show that the defendant intended to. murder the prosecuting witness. "In case the evidence leaves it doubtful as to whether or not the deceased was the aggressor in the difficulty in which the killing occurred as claimed by defendant, evidence of threats of deceased against defendant, even if not communicated to him, tends to show the deceased's animus toward defendant, and bears on the probability of his having been the aggressor, and hence is admissible for this purpose." 21 Cyc. 967, 968, 740.

John B. Wright, Attorney General, and J. S. Williams, for Respondent.

The indictment states facts sufficient to constitute a public offense. The statute defines the crime of murder and the indictment is drawn in the language of the statute. "Whenever a crime is distinguished into degrees, it is left to the jury, if they convict the defendant, to find the degrees of the crime of which he is guilty. . . . The pleader need not indicate the degree, but may restrict the averments to such facts, as in law show a murder, . . . leaving the ascertainment of the degree to the jury." *Davis* v. *Utah,* 151 U. S. 262, 14 Sup. Ct. 328, 38 L. Ed. 153. The verdict is supported by the evidence. The jury found as a fact that Williams made an assault upon Russell under circumstances which, had the assault resulted in the death of Russell, the crime would have been murder. The whole case rests upon the sufficiency of the evidence to support the verdict; . . . there is sufficient evidence in the record to support every material allegation of the indictment.

CAMPBELL, J.—Appellant was convicted of the crime of assault with intent to commit murder. The indictment charges that the defendant "did willfully, unlawfully, feloniously, and of his deliberately premeditated malice aforethought make an assault with a loaded revolver in and upon the person of one Everett Russell, a human being, with the intent then and there willfully, unlawfully, feloniously, and of his deliberately premeditated malice aforethought to kill and murder him, the said Everett Russell."

Appellant contends that the indictment is insufficient. His argument is that the statute contemplates that the assault, to be punishable as one with intent to commit murder, must have been to commit murder of the first degree, and that the indictment, in failing to charge that the assault was deliberate and premeditated, and that the intent was formed deliberately and premeditatedly, does not charge an offense. "Murder is the unlawful killing of a human being with malice aforethought." Penal Code 1901, sec. 172. In charging murder, it is sufficient to allege facts showing the unlawful killing of a human being with malice aforethought, without alleging in terms the degree, or facts which bring the murder within one or the other of the statutory degrees. The jury then determines the degree of the crime from the evidence submitted to it. *Davis* v. *Utah,* 151 U. S. 262, 14 Sup. Ct. 328, 38 L. Ed. 153. The indictment here charges an assault made with intent unlawfully and with malice aforethought to kill a human being, and is sufficient.

Several assignments of error question the sufficiency of the evidence to sustain the verdict. The controversy at the trial was as to who was the aggressor. To set forth and discuss the evidence would unduly extend this opinion. It is sufficient to say that there was a substantial conflict of testimony upon the point, and, the jury having found against the defendant, we will not disturb its verdict.

The only further question we deem it necessary to notice is that of the motion for a new trial on the ground of newly discovered evidence. Appellant was a saloon-keeper, and Russell, the prosecuting witness, a police officer. There had been some ill-feeling between the two for some time. There was testimony on the part of the defendant that, some time previous to the shooting, Russell had made threats against appellant—whether to do him violence, or to arrest him, is not clear. On the night of the shooting a number of prostitutes were in an automobile in an alley back of appellant's place of business, and were being supplied with liquor. Russell warned them away, and a wordy altercation between the appellant and the police officer ensued, both using vile and threatening language. There was testimony that immediately thereafter appellant armed himself and threatened violence to the police officer. A little later another prostitute came to the rear of

the saloon in an automobile, and was served with liquor by appellant, who was in the car with the woman when Russell again appeared. Again a quarrel ensued, which resulted in both the appellant and Russell being shot, and, as we have heretofore stated, the controversy at the trial was as to who was the aggressor.

Accompanying the motion for a new trial is an affidavit of a person to the effect that Russell, shortly before the shooting, speaking of appellant and using a vile epithet, threatened, "I will get him yet before the night is over." Such testimony would have been material at the trial, yet would have only tended to show, what was already perfectly apparent to the jury, that the parties were embittered toward each other. Mr. Justice Brewer, while a member of the supreme court of Kansas, in considering a similar motion, uses language which aptly states the situation here: "So far as the other matter disclosed by the affidavit is concerned, that of threats or ill-feeling of deceased toward defendant, it is not sufficient to justify a setting aside of the verdict. The fact of a pre-existent ill-feeling was obvious on the trial; neither party was free from this ill-feeling. The new testimony would only make clearer that which was sufficiently disclosed upon the trial. Strictly, it was only cumulative, and cumulative testimony seldom, if ever, justifies any interference with a verdict. We cannot think that with this testimony the verdict would have been other than it was, and hence the verdict as returned ought not to be disturbed." *State* v. *Kearley,* 26 Kan. 77.

The judgment of the district court is affirmed.

KENT, C. J., and LEWIS and DOE, JJ., concur.