388 P.2d 245

**STATE of Arizona, Appellee,**

**v.**

**Fermin VILLAVICENCIO, Appellant.**

**No. 1307.**

Supreme Court of Arizona,

In Division.

Jan. 8, 1964.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Phoenix, for appellee.

Gibson & Gibson, Phoenix, for appellant.

LOCKWOOD, Vice Chief Justice.

Fermin Villavicencio was charged with illegal sale of narcotic drugs. After a jury trial, he was found guilty and sentenced to five to seven years in the state penitentiary. This appeal followed.

During the trial, Roy Madrid, a state narcotics agent, testified that he and Neo Martinez visited appellant's home. Madrid's testimony regarding this encounter was as follows:

"A. This other person [Neo Martinez] was—that I was with, knocked at the door of the defendant's residence. The defendant comes out. There was an introduction. I was introduced to the defendant. This other gentleman he ordered, or he bought a can of marijuana, presumably marijuana, supposed to have been marijuana. He was trying to buy then. I also ordered a can, a half can of the same substance. The defendant walked

back inside the house. He comes back within a matter of minutes. He handed the defendant, I mean, pardon me— He handed this other party a full can, which what was inside I did not know —I did not examine it. Then he handed me a can also, and it was only half full, and I gave him $10; this other party gave him a $20 bill."

The appellant now contends that "the alleged sale of a can of marijuana to Neo [Martinez] is a separate and distinct act and is irrelevant and is not admissible." The appellant claims the introduction of such testimony constitutes reversible error. We disagree.

■■ Evidence of other criminal acts is admissible when so blended or connected with the crime of which defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime. United States v. Mc-Cartney, 264 F.2d 628 (7th Cir. 1959); Guajardo v. State, 168 Tex.Cr.R. 503, 329 S.W.2d 878 (Tex.Cr.App.1959); State v. Kuhnley, 74 Ariz. 10, 242 P.2d 843 (1952); 1 Wigmore, Evidence (3rd ed.) § 218; Udall, Arizona Law of Evidence § 115; Wharton's Criminal Evidence (12th ed.) § 284. This principle that the complete story of the crime may be shown even though it reveals other crimes has often been termed "res gestae". See, e. g., Guajardo v. State,

supra; State v. Kuhnley, supra; and Wharton, supra. Udall has criticized the use of this term as "meaningless and confusing."[1] To help unconfound this confusion, we choose to refer to this as the "complete story" principle, rather than "res gestae."

■ In the instant case, the testimony of Madrid which disclosed another crime, i. e., defendant's sale of narcotics to Neo Martinez, was admissible. The jury was entitled to have the alleged crime, i. e., the sale to Madrid, fixed in the background of the accompanying events. The sale to Martinez shed light on the main issue. Consequently, this portion of Madrid's testimony merely completed the story of the crime.

■■ Appellant's second assignment of error concerns the lower court's denial of appellant's motion for new trial on grounds of newly discovered evidence. During the trial, defendant attempted to establish an alibi by the introduction of testimony that defendant had left Phoenix the day before the commission of the crime to go to El Paso, Texas. Defendant and his nephew, Bobby Leal, testified during the trial that, on the trip to El Paso, they had stopped in Superior, Arizona, to repair a broken headlight. Appended to defendant's motion for new trial were four affidavits, each

1. Arizona Law of Evidence, p. 230.

of which concerned this defense of alibi raised during the trial.

A motion for new trial will not be granted on the ground of newly discovered evidence where such evidence is merely cumulative. Williams v. Territory, 13 Ariz. 306, 114 P. 556 (1911); Post v. State, 41 Ariz. 23, 15 P.2d 246 (1932). All the evidence offered in the four affidavits accompanying defendant's motion for new trial was cumulative. This assignment is without merit.

Judgment affirmed.

UDALL, C. J., and BERNSTEIN, J., concurring.