569 P.2d 829

**The STATE of Arizona, Appellee,**

v.

**George JOHNSON, Appellant.**

No. 3888.

Supreme Court of Arizona, In Banc.

Sept. 20, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

On 25 February 1976, George Johnson was convicted by a jury of three counts of receiving the earnings of a prostitute, in violation of A.R.S. § 13–584. He was sentenced to three concurrent terms of not less than two nor more than three years in the Arizona State Prison. He was also assessed

a $550 fine on each count. From the judgment and sentence he appeals. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

The defendant raises several issues on appeal, but the answer to the first issue raised is dispositive. Did the trial court err in admitting evidence of defendant's prior bad acts?

The defendant was charged with receiving the earnings of a prostitute on or about 27 June 1975, 26 July 1975, and 17 August 1975. At trial, the State's witness, Trina Hillery, testified that she had been a prostitute and that she had turned her earnings from prostitution over to the defendant on or about the dates alleged in the indictment, either by handing the money to him directly or by depositing the money in her dresser drawer at her apartment where the defendant later picked it up. On cross-examination, the witness appeared unsure of the dates of these transactions.

Over objection, the trial court permitted Trina Hillery to testify to an altercation between herself and the defendant which occurred on 27 August 1975, a month before the defendant was arrested on the instant charge. She testified that the defendant pulled her from a truck parked in front of the 7th Avenue Elk's Club, spat in her face, and then forced her into her own car where he beat her about the head and face while he drove to a nightclub. The State then called to the stand two police officers who, while on patrol, personally observed this incident. They testified that after seeing the defendant spit into the woman's face, they confronted him. Both officers repeated for the jury the vulgar language the defendant directed at them at the Elk's Club. They testified that they left the scene after Trina Hillery, who looked "scared," declined their offer to help.

■ Evidence of the prior bad acts of a defendant is inadmissible because of the prejudicial effect and the lack of probative value concerning the crime with which the defendant is charged. *State v. Petralia*, 110 Ariz. 530, 521 P.2d 617 (1974); *Dorsey v. State*, 25 Ariz. 139, 213 P. 1011 (1923).

"The danger is twofold: First, the jury may conclude that the defendant is a 'bad man' and convict on lesser evidence than might ordinarily be necessary to support a conviction, and second, that if the door is opened to such evidence, the defendant is in danger of having to defend every incident of an entire lifetime in a single trial." *State v. Johnson*, 94 Ariz. 303, 306, 383 P.2d 862, 863–64 (1963).

■ The trial court admitted the evidence of defendant's prior bad acts for the purpose of presenting to the jury the "complete story" of the defendant and Trina Hillery in their relationship of pimp and prostitute. The "complete story" exception to the rule excluding evidence of prior bad acts holds that evidence of other criminal acts is admissible when so connected with the crime of which the defendant is accused that proof of one incidently involves the other or explains the circumstances of the crime. *State v. Villavicencio*, 95 Ariz. 199, 388 P.2d 245 (1964).

■ We do not believe that the defendant's altercation with Trina Hillery in front of the Elk's Club completed the picture of the crime of receiving the earnings of a prostitute. Nor was this evidence admissible under any other exception to the rule to show motive, intent, absence of mistake or accident, identity, or common scheme or plan. The admission into evidence of these acts was highly prejudicial to the defendant:

"It must be remembered that an information of this kind [Receiving the Earnings of a Prostitute] charges a defendant with what is usually considered one of the most disgusting crimes morally to be found in the penal code. This very fact raises in the mind of the average decent citizen a feeling, perhaps unconscious, of revulsion against the defendant. It is, therefore, peculiarly important that no improper evidence be admitted which would tend to increase that unconscious prejudice." *State v. Green*, 60 Ariz. 63, 68, 131 P.2d 411, 413 (1942).

While we do not hold that in the crime of receiving the earnings of a prostitute evidence of a pimp-prostitute relationship might not be relative and admissible to show the complete picture, the assault of this witness by the defendant was not shown to be related to that peculiar relationship. It was prejudicial as well as inadmissible, and it was reversible error to admit this evidence.

This court has examined the other claimed errors and finds that they are unlikely to reoccur on retrial.

Reversed and remanded for new trial.

STRUCKMEYER, V. C. J, and HAYS, HOLOHAN and GORDON, JJ., concur.