647 P.2d 1188

**The STATE of Arizona, Appellee,**

· v.

**Armando ISLAS, Appellant.**

**No. 2 CA–CR 2452.**

Court of Appeals of Arizona,
Division 2.

April 28, 1982.

Rehearing Denied June 2, 1982.

Review Denied June 22, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Kathleen Alistair McCarthy, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

This is an appeal from a conviction by a jury of aggravated assault, a dangerous offense, with three prior convictions, and a presumptive term of imprisonment for 11.25 years. The issues presented on appeal are as follows: (1) Did prejudicial error occur when jurors observed appellant in handcuffs? (2) Did the court correctly allow impeachment of a witness with prior felony convictions? (3) Did the trial court abuse its discretion in instructing the jury on self-defense? (4) Was appellant denied effective assistance of counsel? We affirm.

On October 16, 1980, there was a fight at the Buckaroo Tavern in Tucson between appellant and Rick McBride. Steven Paschall was a witness to the fight and told appellant to "take off" because they didn't want any problems at the bar. Appellant complied. When the bar closed, McBride, Paschall and several others left the tavern and gathered at a nearby house to have a party. Eventually, appellant and several friends arrived and knocked at the door. Paschall answered the door with McBride behind him. After some statements about who owned a motorcycle, appellant swung his arm up, there was a flash and Paschall lunged for appellant. They wrestled, Paschall eventually got a gun away from appellant and then made his way back into the house. It was at this time that he realized he had been shot. Appellant was charged with aggravated assault for the shooting.

## HANDCUFFS VIEWED BY JURORS

Appellant claims that the trial court abused its discretion in denying a motion for mistrial because two jurors saw him in handcuffs. The Arizona courts have been consistent in holding that the mere fact that members of a jury may see a defendant in handcuffs does not constitute reversible error. *State v. McDonald*, 111 Ariz. 159, 526 P.2d 698 (1974); *State v. Galioto*, 126 Ariz. 188, 613 P.2d 852 (App.1980).

Despite this, appellant argues that if the jury viewed the defendant in handcuffs, the prejudice must be cured by a cautionary instruction to the jury that the viewing should have no bearing on their consideration of the merits of the case. We first note that appellant did not request a cautionary instruction concerning the handcuff issue. Normally, failure to request any special instructions preclude appellate review unless error is fundamental. *State v. Dippre*, 121 Ariz. 596, 592 P.2d 1252 (1979); *State v. Evans*, 109 Ariz. 491, 512 P.2d 1225 (1973). In addition, failure to give a certain instruction is not reversible error unless it is prejudicial to the rights of a defendant, and such prejudice will not be presumed but must appear from the record. *State v. Snodgrass*, 121 Ariz. 409, 590 P.2d 948 (App.1979). In this instance, appellant has not demonstrated how he was prejudiced. As the trial court pointed out, the jury was no doubt aware that appellant was in custody because one or two deputies sat behind appellant throughout the trial.

## IMPEACHMENT WITH PRIOR FELONY CONVICTIONS

Appellant moved in limine to limit the use of prior convictions of a defense witness for impeachment purposes. When the court asked what the prior convictions were, the attorney for the defense answered that he thought they were armed robbery and kidnapping. The court denied appellant's mo-

tion in limine stating ". . . the Court finds that the probative value as to the credibility of the witness testimony outweighs the prejudice." Subsequently, on cross-examination of the witness, the prosecutor asked, "What are the felonies you have been convicted of?" The witness answered, "Theft, robbery and fraudulent schemes."

■ Appellant now contends that because the actual crimes for which the witness had been convicted were different than those considered by the judge during the motion in limine hearing, the court did not properly use its discretion to decide whether the probative value of the prior conviction outweighed its prejudicial effect as required by Rule 609(a), Arizona Rules of Evidence, 17A A.R.S. A defendant who invites error at a trial may not then assign the same as error on appeal. *State v. Endreson,* 109 Ariz. 117, 506 P.2d 248 (1973). Generally, a party who participates in or contributes to an error cannot complain of it. *State v. Lopez,* 605 P.2d 178 (Mont. 1980). At the Rule 609(a) hearing it was appellant who informed the court of the crimes for which his witness had been convicted. He cannot complain now that the court ruled on the wrong convictions.

## SELF–DEFENSE INSTRUCTIONS

The state offered the following jury instruction which was given by the court over objection by the defense:

> "The defendant is *not* entitled to claim the right of self-defense if he provoked or created the situation requiring his use of force in apparent self-defense."

Appellant claims that since he was not claiming self-defense, it was prejudicial for the court to give such an instruction.

■ In our opinion, it was obvious that appellant realized that the evidence would not support a claim of self-defense. However, several times throughout the trial, the defense painted a picture of a general fight starting from within the house with aggressive actions first coming from inside. It appears that it was appellant's hope that the jury might prhaps fabricate its own law of self-defense. In light of this we note

that the trial court has a duty to instruct the jury on the law relating to the facts of the case and on matters vital to a proper consideration of the evidence, even if not requested by the defense. *State v. Evans,* supra. The instruction given by the court does nothing more than state the well-established rule in Arizona that one who is at fault in provoking a difficulty which necessitates his use of force may not relay upon a plea of self-defense to justify or excuse his conduct. See *State v. Wilson,* 113 Ariz. 363, 555 P.2d 321 (1976); *State v. Jones,* 95 Ariz. 4, 385 P.2d 1019 (1963). The trial court properly gave this instruction that under certain conditions, self-defense was not available. See *State v. Williams,* 132 Ariz. 153, 644 P.2d 889 (1982); *Mirin v. State,* 93 Nev. 57, 560 P.2d 145 (1977); *Johnson v. State,* 92 Nev. 405, 551 P.2d 241 (1976); *State v. McConaghy,* 84 Wash. 168, 146 P. 396 (1915); and cf. *State v. Barnhart,* 73 Wash.2d 936, 442 P.2d 959 (1968); *State v. Biondic,* 47 Wash.2d 593, 288 P.2d 845 (1955).

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ Finally, without argument or any specific incidents of conduct, appellant claims ineffective assistance of counsel. Trial counsel waged a vigorous defense resulting in a hung jury at the first trial of appellant. Appellant received effective assistance at his retrial under the Arizona test of "farce sham or mockery," *State v. Dippre,* supra, or the "reasonably competent or effective test," *Cooper v. Fitzharris,* 586 F.2d 1325 (9th Cir. 1978), cert. den. 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979).

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.