754 P.2d 288

**STATE of Arizona, Appellee,**

v.

**Robert Phillip CHARO, Appellant.**

**No. 6276.**

Supreme Court of Arizona,
En Banc.

April 21, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Richard J. Katz, Phoenix, for appellant.

HOLOHAN, Justice.

The defendant Robert Phillip Charo was tried and convicted of first degree murder, robbery, and forcible sexual assault. The defendant was sentenced to death for first degree murder, 8 years for the robbery, and 21 years for sexual assault, the sentences to run consecutively.

Defendant raises numerous issues on appeal. After an exhaustive review we have concluded that the case must be reversed

because of error in the reception of evidence which we address in this opinion along with those issues likely to recur on retrial. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3); A.R.S. §§ 13-4031-4035.

The victim and her husband, Ed, were married in January, 1979. Prior to the marriage, Ed and the defendant had been friends and roommates. After the marriage Ed and the defendant remained friends, but many witnesses described how the relationship between the defendant and the victim deteriorated from 1981 to 1983. Eventually the victim told Ed that she hated the defendant and did not wish to have anything to do with him.

Early in the morning of May 31, 1983, Ed returned home from work and discovered the dead, naked body of his wife. She had died from manual strangulation. Semen was found in her vagina, and her wedding ring, clothes and a bed sheet were missing.

The state's case was entirely circumstantial. In addition to showing the poor relationship between the defendant and the victim, the state relied on three pieces of physical evidence linking the defendant to the murder. First, defendant's fingerprint was found on a vaseline jar in the bathroom adjacent to the victim's bedroom. Vaseline was also found on the victim's body. Second, three hairs removed from the victim's back were similar to the defendant's hair and dissimilar to both the victim's and Ed's hair. Finally, in the backyard of the victim's home, footprints were found that had the same tread design as turf shoes Ed had given to defendant as a present.

Defendant denied killing the victim and took the stand in his own behalf. He defended himself with an alibi and evidence of his good character. The defendant explained that he had used the vaseline in the bathroom a few days before the murder to rub on his chapped hands. He maintained that he was wearing boots on the day in question so the footprints could not be his.

Defendant raises a number of evidentiary issues for the first time on appeal. These issues were waived. *State v.*

*McDaniel,* 136 Ariz. 188, 665 P.2d 70 (1983) (evidence admitted without objection becomes competent evidence for all purposes). In addition, even if these issues were properly preserved, they are without merit. Finding no fundamental error, we limit our review to those issues properly raised on appeal.

The defendant complains that the trial court erroneously admitted hearsay statements made by the victim. The state called Laurel Hadley to testify about a conversation she had with the victim approximately *two years* before the victim's death. This conversation concerned an incident where the defendant had allegedly attempted to sexually assault the victim while the victim, Ed and the defendant were on vacation. The three of them had been drinking all day when Ed disappeared, leaving the victim and defendant alone.

A. [By Hadley] ... They [the victim and the defendant] had returned to their hotel room where she was—where Bob tried to assault her, is what she said to me.

Q. [By the Prosecutor] And did she give you any further details as to where she is when that first starts?

A. Yes, she did. She said she was looking out of the window; that he came up behind her, grabbed her, was kissing her, trying to kiss her, and threw her on the bed and laid on top of her, tried to get her, you know, like she struggled with him, and then—and eventually broke free.

Q. What then did she say happened when she broke free?

A. She said that she went and locked herself in the bathroom and stayed in there until she heard no more noise from the outside room, and opened it up and looked outside, if he had fallen asleep or whatever, and was asleep, and she let herself out and went to sleep also.

R.T. Dec. 12, 1983 at 65-6.

This conversation between the victim and Hadley occurred approximately a month after the trip. After recounting the incident to Hadley, the victim stated she feared the defendant.

■ The state argues that the testimony concerning the sexual assault is admissible as evidence of the victim's state of mind, relying on this court's decision in *State v. Gause*, 107 Ariz. 491, 494–95, 489 P.2d 830, 833–34 (1971), vacated on other grounds, 409 U.S. 815, 93 S.Ct. 192, 34 L.Ed.2d 71 (1972). There we stated that when the identity of the perpetrator is at issue, "expressions of fear by the murder victim, though they may be hearsay, are relevant, have probative value on the issue of identity, and, when in human experience they have sufficient reliability, they should be admitted in evidence." *Id.*

The state's position on appeal is that Hadley's testimony was offered to show the victim's fear of the defendant. Nothing in *Gause* supports the proposition that an unwitnessed prior bad act may be proven through hearsay testimony. *Gause* only permitted the admission of statements concerning the victim's fear of her husband made in her will and to others. The remaining hearsay evidence in *Gause* constituted public records or threats by her husband *made in the presence of others*. All of these items fell within well-recognized exceptions to the hearsay rule.

■ The state argues that even if Hadley's testimony concerning the alleged sexual assault is not admissible under the Arizona Rules of Evidence,[1] this error is harmless. Where it cannot be said beyond a reasonable doubt that the error had no influence on the jury's verdict, we will reverse. *State v. Gamez*, 144 Ariz. 178, 696 P.2d 1327 (1985).

First, we note that the state's position that Hadley's testimony, if error, was harmless, was not its position in the trial court. In support of its admissibility, the prosecutor argued that this evidence was important to establish the complete story and to prove the identity of the perpetrator. The fact that the prosecutor used this evidence in both his opening and closing arguments further belies the state's contention that this was a relatively unimportant piece of evidence.[2] We also believe that since this homicide involved a sexual assault, the alleged attempt by the defendant, even though two years earlier, might well have been considered as evidence of his disposition towards the victim. Hence, we cannot conclude beyond a reasonable doubt that this did not prejudice the jury against the defendant.

Hadley's description of the alleged sexual assault is not admissible under the rules of evidence. Normally, a prior bad act, not amounting to a conviction, cannot be admitted in evidence. *State v. Gamez*, 144 Ariz. 178, 696 P.2d 1327; Ariz.R.Evid. 404(b), 17A A.R.S.[3] There is an exception when there are previous attempts on the victim. *State v. Jeffers*, 135 Ariz. 404, 418, 661 P.2d 1105, 1119 (1983). Such prior attempts may be shown through hearsay testimony if the testimony comes within one of the exceptions to the hearsay rules. *Id.* However, we have held it improper to use hearsay testimony to prove an unwitnessed prior bad act under the authority of Rule 803(3).[4] *State v. Christensen*, 129 Ariz. 32,

---

1. Hereafter, the Arizona Rules of Evidence will be cited as Rule ___.

2. Illustrative of the importance placed on Hadley's testimony, the prosecutor recounted her testimony and stated to the jury in his closing argument: "And with hindsight you always say, gee, I wish she [the victim] would have told Ed. If she would have told Ed, maybe Ed wouldn't have anything to do with the defendant and this never would have happened, but you can't erase what happened." R.T. Feb. 14, 1984 at 20.

3. Rule 404(b) provides:
   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be

admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

4. Known as the state of mind exception, Rule 803(3) states:
   A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

36, 628 P.2d 580, 584 (1981). There we stated:

> The testimony that the victim said appellant was "capable of anything" and had threatened her were nothing more than statements of "memory or belief to prove the fact remembered or believed." Such assertions are not within the Rule 803(3) exception and were not admissible.

The perniciousness of the present evidence is that it involved a prior sexual assault, but the proof of the act came only through hearsay. Hadley's testimony was not offered solely to prove the victim's then existing state of mind under Rule 803(3). Like the threat in *Christensen*, the testimony about the victim's statement of what happened in the hotel was not a statement of her state of mind but a statement of memory or belief. Hadley's testimony was offered to prove the truth of that memory or belief, and it was not admissible.

The state urges us to find that the statements were nevertheless admissible under Rule 804(b)(5).[5] In examining the evidence presented we find these statements have little or no circumstantial reliability. Not only were the statements completely uncorroborated, the declarant's relationship to the defendant was troubled from the outset, and she had expressed her dislike for the defendant before. The information was related approximately one month after the alleged assault and testified to more than two years later. When the incident allegedly occurred, the declarant was drunk, and the dangers of misperception are necessarily present in the statements. *See* M. Udall & J. Livermore, *Law of Evidence* § 121 (2d ed. 1982). Because we find this evidence to be inadmissible under the Rules of Evidence and we cannot say beyond a reasonable doubt that the error was harmless, we must reverse the defendant's conviction and remand for a new trial.

We also note that Hadley testified that the victim stated she feared the defendant.

Formerly, under *Gause*, this was admissible. However, our adoption of the Arizona Rules of Evidence raises serious questions about the continued vitality of *Gause*. In *Christensen*, 129 Ariz. at 36, 628 P.2d at 584, it was stated in *dicta* that the *Gause* rule was still to be followed under Rule 803(3) when identity was at issue. Since the issue may arise on retrial, we must decide whether the *Gause* rule has been changed by the adoption of the Arizona Rules of Evidence.

The rule that a murder victim's fear could be used to prove the perpetrator's identity was recognized in California. *People v. Merkouris*, 52 Cal.2d 672, 344 P.2d 1 (1959). It found some support in a few other jurisdictions despite an apparently contrary position implicit in *Shepard v. United States*, 290 U.S. 96, 54 S.Ct. 22, 78 L.Ed. 196 (1933). Subsequently the California rules of evidence were revised so that a hearsay statement of fear by a murder victim was admissible and relevant to prove or explain subsequent acts of the *decedent*, but not as a basis to infer a defendant's conduct. Thus, a victim's state of mind was held to be relevant in cases where the issue was suicide, *State v. Duke*, 110 Ariz. 320, 518 P.2d 570 (1974), or self-defense, *People v. Atchley*, 53 Cal.2d 160, 346 P.2d 764 (1959), cert. dismissed, 366 U.S. 207, 81 S.Ct. 1051, 6 L.Ed.2d 233 (1961). However, the idea of proving that a victim was afraid of the defendant as admissible to prove identity has been thoroughly rejected. *People v. Armendariz*, 37 Cal.3d 573, 581, 209 Cal.Rptr. 664, 672, 693 P.2d 243, 251 (1984) ("A victim's out-of-court statements of fear of an accused are admissible ... only when the victim's conduct in conformity with that fear is in dispute. Absent such dispute, the statements are irrelevant."); *See also, United States v. Brown*, 490 F.2d 758 (D.C.Cir. 1973) (victim's fear of the defendant is irrelevant to prove identity).

---

**5.** Known also as the equivalency or residual exception to the hearsay rule, Rule 804(b)(5) permits hearsay by an unavailable declarant when the statement offered has "equivalent circumstantial guarantees of trustworthiness" and is evidence of a material fact, more probable on the point for which it is offered than any other evidence reasonably available, and whose admission would serve the interests of justice. *See State v. Robinson*, 153 Ariz. 191, 735 P.2d 801 (1987).

The Arizona Rules of Evidence are consonant with the above view on the state of mind exception and, therefore, require that the rule in *Gause* be rejected. While there may be times when fear of the defendant is both admissible hearsay and relevant, the victim's statement in the present case is irrelevant unless the defendant asserts a defense which makes her feeling relevant. *See People v. Arcega*, 32 Cal.3d 504, 527, 186 Cal.Rptr. 94, 107, 651 P.2d 338, 350 (1982) (it was error to admit statements regarding the victim's fear where the defense raises no issue of fact concerning the victim's conduct before her death). Therefore, the victim's statement that she feared the defendant was admitted in error.

■ Defendant further contends that the trial court erred when it granted the state's motion in limine precluding the defendant from presenting any evidence showing (1) that cocaine was found at the murder scene and (2) that the victim, the defendant, and other witnesses might have used drugs. The trial court found this evidence to be irrelevant. Nevertheless trial counsel were permitted to inquire whether a witness had a felony conviction for possession or sale of narcotics, or whether any witness was under the influence of a narcotic at any relevant time. We find no error in this ruling.

Defendant contends that the trial court should have permitted him to present the evidence precluded by the motion as it would explain why defendant's fingerprint was found in the bathroom and that defendant was not the perpetrator since his own drug abuse would have compelled him to take the cocaine left at the murder scene. The defendant argues that this evidence is admissible as "evidence of circumstances which complete the story of the crime." *See State v. Johnson*, 116 Ariz. 399, 569 P.2d 829 (1977). In *Johnson*, we stated: "The 'complete story' exception to the rule excluding evidence of *prior bad acts* holds that evidence of other criminal acts is admissible when so connected with the crime of which defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime." *Johnson*, 116 Ariz. at 400, 569

P.2d at 830 (emphasis added) (quoting *State v. Villavicencio*, 95 Ariz. 199, 388 P.2d 245 (1964)).

We find the defendant's reliance on this doctrine misplaced. Rather than excluding the evidence of drug use by the victim and other witnesses as inadmissible prior bad acts, the trial court precluded inquiry into general drug use as irrelevant to the crimes for which defendant stood accused.

The question of admissibility of evidence generally is one to be determined by the trial court. *State v. Schad*, 129 Ariz. 557, 633 P.2d 366 (1981), *cert. denied*, 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 693 (1982); Ariz.R.Evid. 104(a). We have held that where the probative value of a victim's blood count for cocaine and qualuudes was slight and outweighed by danger of prejudice and confusion, exclusion was well within the trial court's discretion. *State v. Neal*, 143 Ariz. 93, 692 P.2d 272 (1985). Absent an abuse of discretion, a trial court's relevancy determination will not be disturbed. *State v. Spoon*, 137 Ariz. 105, 669 P.2d 83 (1983).

The medical report indicated no alcohol or drugs were discovered in the victim's body. Apart from the small amount of cocaine discovered at the murder scene, defense counsel offered no evidence showing that such evidence had anything to do with the crime. The absence of this evidence in no way prohibited defendant from conducting his defense. At trial, defendant's explanation of how his fingerprint came to be on the vaseline jar had nothing to do with drugs. Furthermore, even if defendant had established an addiction to cocaine making it likely that he would have taken the cocaine found at the murder scene, we believe that the prejudice and confusion such evidence would provoke significantly outweighed its minimal probative value. *See Neal, supra*. We find no abuse of discretion in the trial court's determination.

■ The final point we consider is the trial court's denial of a motion to remand. Prior to trial, defendant made a motion to remand for a new finding of probable cause on the murder charge. Later, at the

**566**

defendant's request, the trial court dismissed the motion because it was "moot as there is a Grand Jury Indictment on the charge requested." (Minute Entry dated December 5, 1983). Defendant now asserts that this minute entry was not correct. There is no merit to defendant's claim of error. First, the trial court dismissed the motion to remand at defense counsel's request. Hence, if there was error, it was invited. *State v. Islas*, 132 Ariz. 590, 647 P.2d 1188 (App.1982) (where a party participates in or contributes to an error, he cannot complain on appeal). Second, the issue of probable cause is a closed question after the jury determines a defendant's guilt beyond a reasonable doubt. *State v. Neese*, 126 Ariz. 499, 502–03, 616 P.2d 959, 962–63 (App.1980). The verdict in this case resolved any issue of probable cause.

The conviction of defendant is reversed, and the case remanded for a new trial.

FELDMAN, V.C.J., and CAMERON, J., concur.

MOELLER, J., did not participate in the determination of this matter.

GORDON, Chief Justice, concurring.

I write solely to clarify what I believe to be the majority's holding in regard to the inadmissibility of the witness Hadley's statements relating to the victim's description of an attempted sexual assault by the defendant.[1]

The witness, Hadley, testified about a conversation she had with the victim approximately two years before the victim's death, in which the victim claimed that the defendant had attempted to sexually assault her. This evidence raises two evidentiary questions. The first question, which the majority correctly answers, is whether Hadley's testimony about the victim's statements was hearsay that does not fall within any exception to the hearsay rule. The second question is whether *any* evidence could be admitted to prove the alleged attempted sexual assault, or whether

such evidence is barred by the Arizona Rules of Evidence, Rule 404(b), which states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith...."

Because I believe that the majority opinion properly concludes that we must reverse because Hadley's testimony was hearsay and did not fit within any hearsay exception, I do not believe the opinion in fact decides, or needs to decide, whether any evidence of the act itself would be barred by application of Rule 404 of the Arizona Rules of Evidence. It is simply unnecessary for us to determine whether the alleged attempted sexual assault is a prior bad act used to show character, or whether the act could have been admitted for a permissible use, for example, to prove motive, intent, or identity. *See, e.g.,* Ariz. R.Evid. 404(b); *State v. Jeffers*, 135 Ariz. 404, 418, 661 P.2d 1105, 1119 (1983).

---

1.  I agree with and do not discuss the majority's holding relating to the victim's statement that