771 P.2d 468

**The STATE of Arizona, Appellee,**

v.

**David Gerald WINTERS, aka Jeffrey P. Sudigala, Appellant.**

**Nos. 2 CA–CR 88–0246, 2 CA–CR 88–0247.**

Court of Appeals of Arizona, Division 2, Department A.

March 23, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Diane M. Ramsey, Phoenix, for appellee.

Edward H. Laber, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

This appeal results from the consolidation of two Pima County Superior Court cases. In one, appellant was found guilty after a jury trial of three counts of armed robbery, three counts of kidnapping and two counts of public sexual indecency. In the other case, appellant waived a jury trial and was found guilty of two counts of armed robbery and kidnapping. Appellant received concurrent terms, the longest being 30 years in prison.

Appellant's sole argument on appeal is that the trial court abused its discretion by precluding testimony from a Dr. Morris, who would have testified that, through personality inventory testing, appellant's potential for substance abuse was very high. Counsel argued to the court that the doctor's testimony concerning appellant's character trait as a substance abuser was necessary to lend credibility to appellant's defense. The trial court ruled:

> THE COURT: The State's motion in limine regarding the preclusion of testimony of Dr. Larry Morris is granted. The Court finds that the evidence of cocaine intoxication at or near the days of the crime and also expert testimony on the effects of cocaine on the average person is relevant under Arizona law and will be admitted, and apparently a witness will be called or witnesses will be called to substantiate those facts. But from my reading of the cases, and my understanding of them, I find that the testimony that the defendant has an MMPI profile of a substance abuser or that he has an addictive personality is not relevant to any issue of consequence in this case, and therefore, the State's motion is granted.

A trial court's determination as to relevancy will not be disturbed unless a

**144**

clear abuse of discretion is shown. *State v. Charo*, 156 Ariz. 561, 754 P.2d 288 (1988). Evidence is relevant if it has a tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without such evidence. Ariz.R.Evid. 401, 17A A.R.S. Where the probative value of evidence is slight and is outweighed by danger of prejudice or confusion, the trial court has the discretion to exclude it. *State v. Charo, supra.*

█ Appellant's defense was that he was intoxicated on drugs and could not form the requisite intent at the time of the crimes. He presented evidence that he was an addict and expert evidence on the effects of drug intoxication. As the court pointed out, his personality was not an issue nor was any individual character trait. The fact that his MMPI would have shown that his potential for drug abuse was high is of no moment. It has no probative value as far as making it more or less probable that appellant committed the crimes in question. The fact that Dr. Morris would have testified that appellant had an addiction-prone personality was not probative under these circumstances, and the trial court did not err in granting the state's motion in limine to preclude the testimony.

Our review of the evidence for fundamental error reveals none. Therefore, the judgment of conviction and the sentences imposed are affirmed.

LIVERMORE, P.J., and HOWARD, J., concur.