KITCHENS, Justice,
dissenting:
¶ 31. The State could have told a coherent story that adequately conveyed its theory of the case and outlined Rebecca Jones’s motive to kill her mother without mentioning that Rebecca had abused drugs in the past. This extremely prejudicial evidence should not have been admitted *882 because it was unnecessary and its probative value was minimal. Accordingly, I respectfully dissent.
¶ 32. “[A]s a general rule evidence of a crime other than the one for which the accused is being tried is not admissible.” Ballenger v. State, 667 So.2d 1242, 1256 (Miss.1996). Evidence of prior bad acts may be admissible, if that evidence can be used to show any of several noncharacter aspects of the crime listed in Mississippi Rule of Evidence 404(b). This Court has held that evidence that is “substantially necessary to present to the jury ‘the complete story of the crime’ ... may be given even though it may reveal or suggest other crimes.” Brown v. State, 483 So.2d 328, 330 (Miss.1986) (quoting State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245, 246 (1964)). Even if evidence is admissible under Rule 404(b), it still must be strained through the filter of Rule 403, which provides that admissible “evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice_” M.R.E. 403. Accordingly, if the evidence admissible to tell a complete story of the crime is unfairly prejudicial and not very probative, it is incumbent on a court to exclude it.
¶ 33. The State argues that Rebecca’s drug use in 1989 was relevant to her mother Jane’s death in 2010 because it explained why Jane had the title to land that Rebecca thought rightfully was hers. The State further argues that Rebecca’s drug use was the reason for Jane’s having taken custody of Rebecca’s daughter in 2003. According to the State and the majority, the motive for Rebecca’s killing of Jane could not be explained without discussing Rebecca’s past drug use. That simply is not the case.
¶ 34. Rebecca Lynn Jones and her mother Jane had a tumultuous relationship. In 1989, Rebecca deeded some land to her mother, with the expectation that, one day, her mother would give the land back. In 2003, Rebecca’s mother prevailed in a custody dispute with Rebecca over Rebecca’s daughter. There was significant animosity between the two as a result. In 2010, Rebecca discovered that Jane was planning to sell the land that she had promised she one day was to return to Rebecca. Rebecca, angry at her mother for going back on her promise and still angry over her mother’s custody of Rebecca’s own daughter, decided to confront her mother about the land deal. During the visit, Rebecca shot her mother twice at close range. She did not call 911.
¶ 35. It was altogether unnecessary to mention drugs in the telling of the foregoing narrative, which fully sets forth the prosecution’s theory of the case. Rebecca was angry at her mother because the mother had obtained custody over Rebecca’s daughter against Rebecca’s wishes. She was angry at her mother because she was selling land that Rebecca believed rightfully to be hers. She was not angry because she had used drugs in the past. While Rebecca’s past drug use may have contributed to the custody dispute and the land sale, her drug use in and of itself did not provide a homicidal motive and was unnecessary to the telling of a complete story about why Rebecca might have had a reason to want to shoot her mother, particularly when she had been sober for several years prior to the incident.
¶ 36. So the evidence of Rebecca’s prior drug use was unnecessary to the telling of the story of the shooting from the State’s perspective, it was unnecessary to explain a motive, and it therefore was inadmissible under Rule 404(b). However, the evidence becomes doubly inadmissible when filtered through Rule 403. “Rule 403 is an ultimate filter through which all otherwise admissible evidence must pass.” Jones v. *883 State, 920 So.2d 465, 475 (¶ 32) (Miss.2006) (quoting Hoops v. State, 681 So.2d 521, 531 (Miss.1996)). Under Rule 403, we must weigh the evidence’s probative value against the danger that it would unfairly prejudice the defendant. As the evidence of the drug use was unnecessary to explain Rebecca’s possible motive for killing her mother, it had little, if any, probative value. However, it had enormous potential for unfair prejudice. It would be easy for a jury to conclude that Rebecca was a drug-addled burden to her mother for most of her life, and that most of Rebecca’s problems were caused by her drug addiction. In fact, in opening argument, the State said, “This is a story of culminating and escalating problems that the defendant had, problems that ended in murder. She has a lifelong history of drug abuse and drug use, cocaine use.”
¶ 37. The evidence of Rebecca’s prior drug use was unnecessary and far too remote in time to explain her motive. Rebecca went to her mother’s home that, fateful day because her mother was selling the land that Rebecca felt was rightfully hers. Rebecca resented her mother for having obtained custody of Rebecca’s daughter. Rebecca did not resent her mother because Rebecca had abused drugs in the past. Such evidence had little, if any, probative value, and, at the same time, it had great potential for unfair prejudice. In my opinion, the circuit court abused its discretion when it admitted the evidence. I would reverse Rebecca’s conviction and remand for a new trial.
KING, J., JOINS THIS OPINION. DICKINSON, P.J., JOINS THIS OPINION IN PART.