NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANTONIO CONRADO LIBERT, *Appellant*.

Nos. 1 CA-CR 18-0612
1 CA-CR 18-0613
(Consolidated)
FILED 9-12-2019

Appeal from the Superior Court in Maricopa County
Nos.  CR 2014-148672-001
CR 2007-006400-001
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

KBUnited LLC, Phoenix
By Kerrie M. Droban
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

¶1        Antonio Conrado Libert appeals his convictions for first-degree murder and four counts of aggravated assault with a weapon or dangerous instrument. Libert argues he is entitled to a new determination of probable cause because he was denied the right to a fair and impartial presentation of evidence to the grand jury and the instructions provided to the grand jury were erroneous as a matter of law. For the following reasons, we disagree and affirm.

## BACKGROUND

¶2        In October 2014, a grand jury returned a true bill indicting Libert on several crimes related to a shooting that occurred earlier that month.  Almost four years later and after an 18-day trial, a jury found Libert guilty beyond a reasonable doubt of first-degree murder and four counts of aggravated assault.  He was sentenced to prison.

## DISCUSSION

¶3        As his sole issue on appeal, Libert argues he is entitled to a new determination of probable cause by the grand jury, offering two justifications for remand: (1) the grand jury indicted him based on an erroneous definition of "premeditation" and (2) the State conducted an incomplete presentation of the evidence by failing to introduce statements from all four living victims.

¶4        A defendant's only avenue to challenge a grand jury's probable cause findings is through special action. *State v. Moody*, 208 Ariz. 424, 439, ¶ 31 (2004); *State v. Gortarez*, 141 Ariz. 254, 258 (1984) ("With one exception, review of matters relevant only to the grand jury proceedings cannot be sought by appeal from a conviction."); *Dominguez v. Foster*, 243 Ariz. 499, 501, ¶5 (App. 2018) ("[S]pecial action is a criminal defendant's only avenue for review of a denial of a motion to redetermine probable cause."). Grand jury findings of probable cause are not reviewable on appeal because "the issue of probable cause is a closed question after the

jury determines a defendant's guilt beyond a reasonable doubt." *State v. Charo*, 156 Ariz. 561, 566 (1988); *State v. Neese*, 126 Ariz. 499, 503 (App. 1980) ("[A]fter a full scale trial in which a jury determines guilt beyond a reasonable doubt the question [of whether probable cause exists] is closed."); *State v. Just*, 138 Ariz. 534, 541–42 (App. 1983) (observing that "once a trial jury has found guilt beyond a reasonable doubt following a proper presentation of both the state's and the defendant's evidence, the issue of probable cause to believe the defendant has committed an offense is no longer open to question."). Here, the jury determined Libert's guilt beyond a reasonable doubt, so any question regarding the underlying probable cause finding is now moot.

**¶5**         There is only one exception to the absolute bar on allowing the direct appeal of a grand jury indictment—"when a defendant has had to stand trial on an indictment which the government knew was based partially on perjured material testimony." *Moody*, 208 Ariz. at 440, ¶ 31 (quoting *State v. Gortarez*, 141 Ariz. 254, 258 (1984)). This exception is inapplicable here. Libert's first contention with the prosecutor's instructions to the grand jury is a legal challenge, and thus does not fit into the exception. Second, Libert argues that the State omitted statements from one of the victims of the shooting who "likely had the most credible perspective" and that the State introduced only the version of events that was most favorable to its case, making "[the grand jury's] understanding . . . unfair, biased, and incomplete." Both challenges should have been brought by special action. *Moody*, 208 Ariz. at 439, ¶ 31 ("Arizona case law is clear that, with one exception, all challenges to a grand jury's findings of probable cause must be made by motion followed by special action before trial; they are not reviewable on appeal."). Libert fails to allege, let alone show, that any testimony was perjured or that the State knew the veracity of its evidence was in question. Accordingly, we will not review the grand jury findings on appeal.

**CONCLUSION**

**¶6**         For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA

3