778 P.2d 1366

**The STATE of Arizona, Appellee,**

v.

**Bret NEWFIELD, Appellant.**

**No. 2 CA–CR 88–0483.**

Court of Appeals of Arizona, Division 2, Department B.

May 18, 1989.

Petition and Cross Petition for Review Denied Sept. 19, 1989.*

* Moeller, J., of the Supreme Court, voted to grant the petition for review.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Diane M. Ramsey, Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by John W. Rood, III, Phoenix, for appellant.

## OPINION

ROLL, Judge.

Bret Newfield appeals from his conviction of one count of arson of a structure. Because fundamental error occurred when the trial court failed to define the term "unlawfully" in the jury instructions, we reverse Newfield's conviction and remand this matter for a new trial.

## FACTS

On December 6, 1987, when Newfield's girlfriend, Valerie, completed her work shift at the Palo Verde Nuclear Power Plant, Newfield met her in the parking lot and the two argued. Valerie and some other individuals then travelled in a 1980 Chevy Monza to an overflow parking lot where co-workers parked their vehicles. Newfield followed Valerie to that lot and there became involved in a fist fight with one of her co-employees. Newfield· fled when security guards approached. Valerie then drove to The Red Quail, a convenience store in Wintersburg, Arizona. Several of her co-employees followed her there.

At the convenience store, Newfield once again argued with Valerie. He then demanded that she give him the keys to the Monza. The evidence showed that Newfield had purchased the car and signed the title over to Valerie, although Valerie had yet to register it in her name. When Valerie gave Newfield the car keys, Newfield told her "not to worry about it, there won't be nothing left of it." Newfield went into the store and purchased a cigarette lighter and some lighter fluid. He then returned to the Monza, leaned inside, then returned to his own vehicle. At that time, the Monza burst into flames. Appellant fled at a high rate of speed. The Monza was positioned approximately 15 feet from an occupied house and was situated on the premises of the convenience store. Gas pumps were located at the front of the premises. A police officer approached the vehicle to make certain that no one was inside. Fire department personnel arrived to extinguish the fire and to prevent its spread to the nearby residence. When Newfield was later contacted by law enforcement officers and was asked how the car caught on fire, he stated, "with a match."

## PROCEDURAL HISTORY

Newfield was charged by information with arson of a structure, a class 4 felony, in violation of A.R.S. § 13–1703(A). The matter was tried to a jury and at the conclusion of the state's case, Newfield moved for a judgment of acquittal. Initially, the trial court stated:

> To the extent that your judgement of acquittal under Rule 20 requests an acquittal on a Class 4 felony, that will be granted.

Following a brief discussion with counsel, the trial court concluded that judgment of acquittal was inappropriate:

> I believe I misread the statute, and I will stand corrected. The Rule 20 Motion for a Class 4 will be denied. You were charged with arson of a structure, not arson of property.

Thereafter, the jury found Newfield guilty of arson of a structure.

## ISSUES ON APPEAL

On appeal, Newfield argues that (1) the prohibition against being twice placed in

jeopardy precluded the trial court from submitting the matter to a jury, (2) insufficient evidence was presented by the prosecution to sustain the verdict, and (3) fundamental error occurred when the trial court did not define the term "unlawfully" in the jury instructions.

### Double Jeopardy

■ Newfield argues that the Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, as well as the prohibition against double jeopardy contained in art. 2 § 10 of the Arizona Constitution precluded the trial court from initially stating that it would grant Newfield's motion for judgment of acquittal, then changing its mind. We disagree. The transcript indicates a continuing discussion between the court, the prosecutor, and defense counsel regarding Newfield's motion for judgment of acquittal. The trial court ultimately denied the motion. The minute entry confirms this fact. *Rolph v. City Court of City of Mesa*, 127 Ariz. 155, 618 P.2d 1081 (1980), relied upon by Newfield, is inapplicable. There, the state appealed from the trial court's granting of judgment of acquittal. The supreme court held that the prohibition against twice putting a defendant in jeopardy precluded the state from appealing a judgment of acquittal.

We find no error on this ground.

### Sufficiency of the Evidence

■ Newfield next argues that insufficient evidence was presented to prove that Newfield committed the offense of arson of a structure. Newfield argues that substantial evidence was presented that he was the owner of the damaged vehicle. Although conflicting evidence existed regarding ownership of the vehicle, Newfield points to the admission of the prosecutor during closing argument that Newfield was the owner. Newfield maintains that he cannot be convicted of arson for setting fire to his own vehicle.

At common law, an individual could not be guilty of arson for destroying his own property. 3 *Wharton's Criminal Law*, § 345 (14th ed. C. Torcia 1980); R. Perkins, *Criminal Law* at 226 (2d ed.1969). However, Arizona has abolished all common law offenses. A.R.S. § 13–103. The state argues that "[a] person does not have a right to burn [his or her own] car near an occupied house and a busy convenience store with gas pumps." We agree that even the burning of one's own property, if done knowingly and unlawfully, can constitute arson of a structure.

### Failure to Define "Unlawfully"

■ Lastly, Newfield argues that the trial court committed fundamental error when it failed to instruct the jury on the meaning of the term "unlawfully" as used in A.R.S. § 13–1703(A). Newfield made no objection to the jury instruction defining arson of a structure. No jury instruction defined the term "unlawfully."

When the criminal code of 1978 was enacted, arson was defined in A.R.S. § 13–1703(A) as follows:

A person commits arson of an unoccupied structure or property by damaging an unoccupied structure or property by knowingly causing a fire or explosion.

Under this statute, any intentional burning of property, whether one's own or someone else's, was prohibited. R. Gerber, *Criminal Law of Arizona* at 240 (1978). In 1980, the legislature amended A.R.S. § 13–1703(A) to read as follows:

A person commits arson of a structure or property by knowingly *and unlawfully* damaging a structure or property by knowingly causing a fire or explosion. [Emphasis added.]

Newfield was prosecuted under this amended provision. The term "unlawful" is defined as "contrary to law or, where the context so requires, not permitted by law." A.R.S. § 13–105(32).

We reject Newfield's assertion that the only time an individual *unlawfully* damages his own structure by fire is when that individual does so to defraud an insurance company or lienholder. In *State v. Durant*, 674 P.2d 638, 641 (Utah 1983), the Utah Supreme Court stated:

A fire poses unique hazards. As a means of destruction, it is difficult to control and may quickly spread to nearby buildings or fields. Firemen and policemen are endangered. Neighbors and passers-by, fearing that a structure is occupied, may attempt hazardous rescue efforts.

The record shows that the first action taken by the initial law enforcement officer on the scene was to approach the vehicle to ascertain whether anyone was inside. Firefighters arriving thereafter attempted to prevent the spread of the fire to a nearby residence.

We also reject the state's invitation to follow the interpretation of "unlawful" adopted by the Utah Supreme Court in *Durant*. There, the term unlawful was defined as an affirmative defense requiring a defendant to prove that the burning was done with justification and in accordance with safety precautions. 674 P.2d at 645. In Arizona, all elements of the crime must be proved by the state.

A jury could find that setting fire to one's own vehicle under the circumstances presented here, that is, in close proximity to an occupied residence and on premises where gasoline pumps are situated, violated the endangerment statute, A.R.S. § 13–1201, and, accordingly, was "contrary to law." If the vehicle did not belong to Newfield, destruction of the vehicle could be "contrary to law" because it could constitute criminal damage. A.R.S. § 13–1602(A).

Neither the prosecutor nor the defense submitted to the trial court a jury instruction giving the jury guidance as to the meaning of the term "unlawfully," or requested that the jury be instructed regarding any criminal statutes which the evidence showed may have been violated by Newfield in setting the fire. Failure to instruct on this element of the charge constituted fundamental error. *State v. Islas,* 132 Ariz. 590, 591, 647 P.2d 1188, 1189 (App.1982).

We reverse Newfield's conviction and remand this matter for a new trial.

LACAGNINA, C.J., and FERNANDEZ, J., concur.