885 P.2d 106

**STATE of Arizona, Appellee,**

v.

**Robert Jesse MILLANES, Appellant.**

**No. 1 CA–CR 92–0949.**

Court of Appeals of Arizona,
Division 1, Department D.

March 31, 1994.

Review Denied Dec. 20, 1994.

Reconsideration Denied June 2, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, John Pressley Todd, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Lawrence S. Matthew, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Judge.

In this opinion we hold that a defendant does not waive a double jeopardy claim by merely failing to raise it in the trial court. We further hold that the trial court's action in submitting a charge to the jury after initially granting an acquittal on the basis of insufficient evidence violates the prohibition against double jeopardy. Therefore, we reverse the conviction on the charge that was the subject of the acquittal. The remaining convictions and sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

Robert Jesse Millanes (defendant) was indicted on charges of third degree burglary, a class 4 felony; theft, a class 3 felony; and criminal damage, a class 6 felony. The state also alleged that defendant had two prior felony convictions.

The charges stem from a burglary at the Rio Vista Baptist Church in Phoenix. During the early morning hours of July 2, 1991, a live-in caretaker at the church awoke to find a door to the church offices open and a light on. He then saw a truck owned by the church being driven off the premises. The caretaker called the police and gave them a description of the truck. A short time later, the police located and stopped the truck. The driver was identified as defendant. When the police searched defendant they found a phone credit card belonging to the church in his pocket. A number of other items that appeared to belong to the church were also found in the back of the truck. An examination of the church offices found several doors kicked in and a hole punched in one of the walls.

The case was tried to a jury. At the close of the state's case, defendant moved for directed verdicts of acquittal on the theft and criminal damage counts on the grounds of insufficient evidence of the value of the stolen property. The court took the motions under advisement. At the close of all the evidence, the court granted a partial directed verdict on the criminal damage count, reducing it to a misdemeanor because of lack of proof on the amount of the damage. The court further granted an acquittal on the theft charge after striking the only testimony pertaining to the value of the stolen truck. The state twice sought to have the trial court reconsider the acquittal. On the state's second request, the court reversed the acquittal upon determining that Ariz.Rev.Stat. Ann. ("A.R.S.") section 13–1802(C) does not require proof of value for theft of a motor vehicle.

Defendant was convicted of all three charges submitted to the jury. The jury also found the allegation of the prior felony convictions to be true. Following a mitigation hearing, defendant was sentenced to concur-

rent presumptive prison terms of 10 years for the burglary and 3.75 years for the theft, together with four months in the county jail on the criminal damage conviction. Defendant filed a timely notice of appeal. The sole issue raised on appeal is whether defendant's conviction on the theft charge violated the prohibition against double jeopardy.

## DISCUSSION

■■■ The prohibition against double jeopardy is found in the Fifth Amendment[1] to the United States Constitution and is applied to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Arizona Constitution, Article II, Section 10 provides a similar right. The Double Jeopardy Clause provides three related protections:

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), *overruled on other grounds by Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

Defendant's argument on appeal is that once the trial court acquitted him on the theft charge, the Double Jeopardy Clause prohibited the state from making further attempts to convict him on that same charge. The state's response is twofold. First, the state claims that defendant waived the double jeopardy issue by failing to raise it in the trial court. Second, the state contends that there was no acquittal because the trial court never entered a final judgment of acquittal. Both of the state's arguments are without merit.

### Waiver

■■■ Defendant's counsel objected to the trial court's reversal of its ruling acquitting

defendant on the theft charge, but not on double jeopardy grounds. The general rule is that failure to raise an issue in the trial court waives the right to raise it on appeal. *State v. Gendron,* 168 Ariz. 153, 154, 812 P.2d 626, 627 (1991). An exception is recognized, however, for fundamental error. *Id.* Fundamental error is defined as error that goes to the foundation of the case or takes from a defendant a right essential to his defense, thereby depriving him of a fair trial. *Id.* at 155, 812 P.2d at 628. "It usually, if not always, involves the loss of federal constitutional rights." *Id.* (quoting *State v. Smith,* 114 Ariz. 415, 420, 561 P.2d 739, 744 (1977)).

No reference is made by either party to *Quinton v. Superior Court,* 168 Ariz. 545, 815 P.2d 914 (App.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1295, 117 L.Ed.2d 518 (1992). In *Quinton,* we held that waiver of the prohibition against double jeopardy must be express rather than implied. *Id.* at 549, 815 P.2d at 918. The basis for our holding was *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975).

In *Menna,* the United States Supreme Court held that a defendant does not waive a double jeopardy claim by entering into a plea agreement. 423 U.S. at 62–63, 96 S.Ct. at 242. The Court noted that while certain constitutional violations are waived by a plea agreement, a double jeopardy violation is quite different in nature from "those constitutional violations not inconsistent with the valid establishment of factual guilt." *Id.* at 62 n. 2, 96 S.Ct. at 242 n. 2. A double jeopardy claim asserts that "the State may not convict [a defendant] no matter how validly his factual guilt is established." *Id.*

The Supreme Court further noted in *Menna* that a double jeopardy claim may be waived under certain circumstances. *Id.* The waiver, however, must be knowing, intelligent, and voluntary. *Quinton,* 168 Ariz. at 549, 815 P.2d at 918; *Launius v. United States,* 575 F.2d 770, 772 (9th Cir.1978). No such waiver by defendant exists in the present case. The record indicates that defendant was not even present during the hear-

---

1. " . . . nor shall any person be subject for the same offence to be twice put in jeopardy of life or

limb."

ings in which the acquittal order and its reversal occurred. We agree with the New York Court of Appeals that "[s]ince the failure to raise a particular defense is a much more equivocal indication of intent than is a decision to plead guilty, it would appear to follow that the failure to timely raise a double jeopardy claim cannot serve as a waiver of that claim." *People v. Michael,* 48 N.Y.2d 1, 420 N.Y.S.2d 371, 372 n. 1, 394 N.E.2d 1134, 1135 n. 1 (1979).

■ We perceive no judicial or public policy reason for finding a waiver when a double jeopardy claim is raised for the first time on appeal. The rationale for the general rule of waiver due to the failure to raise an issue in the trial court derives from the fact that the remedy for most error is merely a new trial. In those cases the error simply taints the fact-finding process; it does not preclude an ultimate conviction. Therefore, requiring a defendant to make all arguments and raise all claims of error related to the fact-finding process in one proceeding at the risk of waiving them is appropriate. Such a requirement gives the trial court an opportunity to take remedial action with respect to any error raised. *See State v. Deschamps,* 105 Ariz. 530, 533, 468 P.2d 383, 386 (1970). Without this rule, a defendant would have an incentive to allow unobjected error in the proceedings in order to obtain a new trial in the event of a conviction.

■ A double jeopardy claim is inherently different than the usual claim of error in that double jeopardy is independent of the issue of guilt. The principal thrust of the Double Jeopardy Clause "is to prevent a trial from taking place at all, rather than to prescribe procedural rules that govern the conduct of a trial." *Robinson v. Neil,* 409 U.S. 505, 509, 93 S.Ct. 876, 878, 35 L.Ed.2d 29 (1973). When a defendant is successful in obtaining relief by asserting the prohibition against double jeopardy, no further proceedings are required on the issue of factual guilt. Further proceedings are exactly what is prohibited. Thus, the purpose for the general rule of waiver arising from the failure to raise the issue in the trial court has no application to a claim of double jeopardy.

The state cites *State v. Morales,* 90 Ariz. 11, 363 P.2d 606 (1961); *State v. Adamson,* 140 Ariz. 198, 680 P.2d 1259 (App.1984); and *State v. Veres,* 7 Ariz.App. 117, 436 P.2d 629 (1968), *cert. denied,* 393 U.S. 1014, 89 S.Ct. 613, 21 L.Ed.2d 559 (1969), to support a waiver claim. Both *Morales* and *Veres* were decided before *Benton v. Maryland. Adamson,* while more recent, cites *Morales* and *State v. Owens,* 127 Ariz. 252, 619 P.2d 761 (App.1980), without any in-depth constitutional analysis for its holding that double jeopardy must be raised in the trial court to avoid waiver. *Owens* held, with no constitutional analysis of any kind and citing only *Morales,* that a plea agreement waived all non-jurisdictional defenses, including double jeopardy. 127 Ariz. at 253, 619 P.2d at 762. The decision in *Owens* cannot survive the holdings in *Menna* and *Quinton.* Thus, none of the cases relied on by the state correctly represent the current law with respect to double jeopardy claims.

■ The United States Supreme Court has stated that the right not to be twice placed in jeopardy is "fundamental to the American scheme of justice." *Benton v. Maryland,* 395 U.S. at 796, 89 S.Ct. at 2063. Therefore this right must be enforced whenever a violation is determined to exist. Accordingly, we hold that the prohibition against double jeopardy is a fundamental right that is not waived by the failure to raise it in the trial court.

*Double Jeopardy*

■ Defendant does not contend that the trial court's reason for the reversal was legally incorrect. Indeed, the trial court's initial ruling of acquittal was erroneous. No requirement of proof of value is required for theft of a motor vehicle to constitute a class 6 felony under A.R.S. section 13–1802(C). *See State v. Arthur,* 125 Ariz. 153, 155, 608 P.2d 90, 92 (App.1980). The correctness of the trial court's ruling concerning the sufficiency of the evidence, however, is not controlling. The Double Jeopardy Clause prevents a retrial following an acquittal even though "the acquittal was based upon an egregiously erroneous foundation." *Arizona v. Washington,* 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54

L.Ed.2d 717 (1978); *Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962).

■ The state cites *State v. Newfield,* 161 Ariz. 470, 778 P.2d 1366 (App.1989), in support of its argument that the trial court's actions did not constitute a double jeopardy violation. In *Newfield,* during a discussion with the prosecutor and defense counsel, the trial court initially suggested that it might grant the defendant's motion for judgment of acquittal, but ultimately the court denied the motion. *Id.* at 472, 778 P.2d at 1368. In deciding *Newfield,* this court stated that the trial court's minute entry confirmed that the motion for judgment of acquittal was denied. *Id.* Thus, the court concluded there had never been a judgment of acquittal on which to base a double jeopardy claim. *Id.*

The present case is readily distinguishable. The trial court specifically granted the motion of acquittal on the theft charge. Moreover, after discussing the state's first motion for reconsideration, the court stated, "I am going to continue to hold that Count II is dismissed on the basis of defendant's motion." Thus, there is no question that an acquittal occurred. Only after a recess when the state again moved for reconsideration did the court reverse its earlier ruling. Not only does the transcript of the proceedings show that an acquittal had been granted as opposed to merely being considered, the minute entry by the court likewise indicates that an acquittal had in fact been granted and then subsequently reversed. A copy of the minute entry order is attached as an appendix.

In *Smalis v. Pennsylvania,* 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986), the Supreme Court settled the issue of whether a determination that the state failed to present sufficient evidence for a consideration of guilt is an "acquittal" under the Double Jeopardy Clause. The trial court sustained a demurrer filed at the conclusion of the state's case based on the insufficiency of the evidence. On appeal by the state, the Pennsylvania Supreme Court held that the trial court's ruling was not an acquittal for double jeopardy purposes and remanded for further proceedings. *Commonwealth v. Zoller,* 507 Pa. 344, 490 A.2d 394, *cert. granted, Smalis v.*

*Pennsylvania,* 474 U.S. 944, 106 S.Ct. 307, 88 L.Ed.2d 285 (1985). The United States Supreme Court reversed.

After first holding that sustaining a demurrer based on the insufficiency of evidence is an acquittal for double jeopardy purposes, the Supreme Court rejected the state's argument that resuming the trial would simply constitute "continuing" jeopardy. In doing so, the Court stated:

> [T]he Double Jeopardy Clause bars a postacquittal appeal by the prosecution not only when it might result in a second trial, but also if reversal would translate into "further proceedings of some sort, devoted to the resolution of factual issues going to elements of the offense charged."

> We hold, therefore, that the trial judge's granting petitioner's demurrer was an acquittal under the Double Jeopardy Clause, and that the Commonwealth's appeal was barred because *reversal would have led to further trial proceedings.*

476 U.S. at 145–46, 106 S.Ct. at 1749 (quoting *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 570, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977) (emphasis added)).

A situation involving almost identical facts to the present case was considered by the Kansas Supreme Court. In *State v. Lowe,* 238 Kan. 755, 715 P.2d 404 (1986) (*Lowe I* ), the court upheld a theft conviction against a double jeopardy claim. The defendant had been charged with burglary and theft. At the close of the state's case, the trial court granted an acquittal on the theft charge on the basis of insufficient evidence. After an evening recess, the court reversed itself and reinstated the charge. The trial resumed, and the defendant was ultimately convicted of theft by the jury.

In affirming the conviction on appeal in *Lowe I,* the Kansas Supreme Court explained:

> We hold that, under the facts of this case, where the proceedings were not terminated, no intervening proceedings took place before the jury, and no prejudice to the defendant's ability to proceed on both counts has been shown, double jeopardy did not bar resumed prosecution of the

theft count. If the court had merely stated that it was going to take the matter under advisement and then ruled the next morning, as it did here, there would be no error and the appellant would have been in the identical situation as resulted in this case. We find no error.

*Id.* at 410.

*Smalis* was decided shortly after *Lowe I.* On the defendant's appeal from a motion for post-conviction relief, the Kansas Supreme Court reversed and overruled *Lowe I,* stating:

It appears clear that *Smalis* requires that we overrule our decision in *State v. Lowe* and that we reverse the instant case. It is conceded that in the present case jeopardy had attached in the original trial and the dismissal constituted an acquittal of the theft charge. The reinstatement of the theft charge the next day and its submission to the jury constituted "further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged" which, under *Smalis,* constitutes a violation of the prohibition against double jeopardy.

*Lowe v. State,* 242 Kan. 64, 744 P.2d 856, 858 (1987).

Several other jurisdictions have concluded that granting a motion for dismissal based on insufficient evidence precludes the trial court from reversing that decision and submitting the charge to the jury. *See, e.g., Brooks v. State,* 308 Ark. 660, 827 S.W.2d 119 (1992); *State v. Carney,* 220 Neb. 906, 374 N.W.2d 59 (1985). *But cf., State v. Iovino,* 524 A.2d 556 (R.I.1987); *People v. District Court,* 663 P.2d 616 (Colo.1983).

In arguing that Arizona law allows the trial court to reverse the granting of a motion of acquittal in the absence of a final judgment, the state ignores *Rolph v. City Court,* 127 Ariz. 155, 618 P.2d 1081 (1980). In *Rolph,* the Mesa City Court granted the defendant's motion of acquittal on a charge of public sexual indecency, but ruled there was sufficient evidence to go to the jury on the lesser included charge of indecent exposure. The city court then recessed the case without dismissing the jury to permit the state to take a special action from its ruling of acquit-

tal. The superior court ruled that the city court erred in interpreting the public sexual indecency statute and remanded for the trial court to reconsider the acquittal. Upon further review, our supreme court held that, notwithstanding the absence of a final judgment, the grant of acquittal precluded any further proceedings against the defendant on the charge based on the Double Jeopardy Clause. 127 Ariz. at 158, 618 P.2d at 1084.

■ Once a defendant is acquitted of a particular crime, the state is precluded from further prosecution by the prohibition against double jeopardy. *Id.* Whether the state attempts to do it by bringing a second indictment, appealing the acquittal to a higher court, or, as occurred here, by directly seeking to have the trial court reverse its ruling of acquittal makes no difference. In any of these situations, there would have to be further fact-finding proceedings for the state to obtain a conviction. Regardless of the manner, "subjecting the defendant to post-acquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause." *Smalis,* 476 U.S. at 145, 106 S.Ct. at 1749; *cf. State v. Sabalos,* 178 Ariz. 420, 874 P.2d 977 (1994) (reinstating jury verdict of guilt where trial court improperly granted a post-verdict judgment of acquittal). Accordingly, the trial court erred in reversing its ruling of acquittal and submitting the theft charge to the jury.

### CONCLUSION

For the foregoing reasons, we reverse defendant's conviction on the theft charge. We have reviewed the record for fundamental error pursuant to A.R.S. section 13–4035 and have found none. Therefore, the convictions and sentences with respect to the other two charges are affirmed.

GERBER, P.J., and JOHN FOREMAN, J., concur.

NOTE: The Honorable JOHN FOREMAN, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Article VI, Section 3 of the Arizona Constitution.

APPENDIX

SUPERIOR COURT OF ARIZONA

Maricopa County

HON. ROBERT D. MYERS

G. Short

Deputy

March 26, 1992

No. CR 91–09092

STATE OF ARIZONA

v.

ROBERT JESSE MILLANES

County Attorney

By: Tina R. Doran

PD Randy F. Saria, Sr.

In Chambers. Respective Counsel are present. Defendant is not present.

Court reporter Cindy Grasmoen is present.

Court and counsel settle jury instructions and verdicts.

For the reasons stated on the record, juror Rosendo Mendoza is excused.

Defendant's Motion for Directed Verdict, which the Court had under advisement, is granted in part. Insofar as Count II is concerned, it is dismissed for the reasons stated on the record. Insofar as Count III is concerned, for the reasons stated on the record, on the charge of misdemeanor for criminal damage, the charge will remain in.

LATER:

The Court reverses its ruling on Count II based on a rereading of the statutes as pointed out by counsel for the prosecution.

1:05 p.m. Trial to a jury continues from March 25, 1992. The State is represented by Deputy County Attorney Tina Doran. Defendant Robert Jesse Millanes is present with counsel Randy Saria. The jury is all present.

The jury is all present in the jury box and by its foreman return into Court its verdicts, which are read and recorded by the clerk, and are as follows:

"We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find the Defendant, ROBERT JESSE MILLANES, guilty of Count I: Burglary in the third Degree.

Foreman,
Darrell Bardwell."

The jury replies that this is its true verdict.

"We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find the Defendant, ROBERT JESSE MILLANES, guilty of Count II: Theft of a Motor Vehicle.

Foreman,
Darrell Bardwell."

The jury replies that this is its true verdict.

"We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find the Defendant, ROBERT JESSE MILLANES, guilty of Count III: Criminal Damage."