NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

WILLIAM MICHAEL MEYER, *Appellant.*

No. 1 CA-CR 15-0290
FILED 7-7-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201400555
The Honorable Billy K. Sipe, Jr., Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Randall M. Howe joined.

_____

**J O H N S E N**, Judge:

¶1       William Michael Meyer appeals his convictions and resulting sentences on 23 counts of sexual exploitation of a minor. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2       Police executed a search warrant at Meyer's residence in connection with an investigation of child pornography being shared on the internet through a peer-to-peer file-sharing program. Meyer was present and told police that a desktop computer seized pursuant to the warrant belonged to him. When interviewed later at the police station, Meyer admitted he had downloaded child pornography and that 15-20 images of child pornography were on his computer.

¶3       A detective certified in computer forensics examined Meyer's computer and found 23 images on the hard drive depicting juvenile females, in the detective's words, "displayed exploitively or in sexual conduct." At trial, the detective testified that, in his opinion, each of the 23 images portrayed a female under the age of 15 in a sexually exploitive position or manner.

¶4       The jury found Meyer guilty of 23 counts of sexual exploitation of a minor under 15 years of age, each a Class 2 felony and dangerous crime against children. The superior court sentenced Meyer to consecutive mitigated ten-year prison terms on each count, for a combined total of 230 years.

¶5       Meyer timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised

Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2016), and -4033(A)(1) (2016).[1]

## DISCUSSION

### A.    Sufficiency of Evidence.

**¶6**            Meyer contends the State offered insufficient evidence to prove that the children depicted in the images were under the age of 15. We review the sufficiency of the evidence *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011).  Our review, however, is limited to determining whether substantial evidence supports the verdicts. *State v. Scott*, 177 Ariz. 131, 138 (1993); *see also* Ariz. R. Crim. P. 20(a) (requiring superior court to enter judgment of acquittal "if there is no substantial evidence to warrant a conviction").  As relevant here, substantial evidence is evidence, viewed in the light most favorable to sustaining the verdict, from which a reasonable person could find the defendant guilty beyond a reasonable doubt. *State v. Roseberry*, 210 Ariz. 360, 368-69, ¶ 45 (2005).

**¶7**            The offense of sexual exploitation of a minor is a dangerous crime against children punishable pursuant to A.R.S. § 13-705 (2016) if the minor is under 15 years of age.  A.R.S. § 13-3553(C) (2016).  The State presented substantial evidence at trial from which the jury could determine beyond a reasonable doubt that the children depicted in the 23 charged images were under the age of 15.

**¶8**            First, the detective who found the images on Meyer's computer testified that the children all were under the age of 15.  Meyer challenges this testimony, arguing that the detective was not qualified to opine about the age of the children because he was not a medical expert. Because Meyer did not object to the detective's testimony at trial, our review is limited to fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).  "Before we may engage in a fundamental error analysis, however, we must first find that the trial court committed some error." *State v. Lavers*, 168 Ariz. 376, 385 (1991).

**¶9**            Arizona Rule of Evidence 702(a) provides that a witness may testify in the form of opinion if "qualified as an expert by knowledge, skill, experience, training, or education" and the expert's knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue[.]" We liberally construe whether a witness is qualified as an expert. *State v.*

---

[1]        Absent material revision after the relevant date of an alleged offense, we cite a statute's current version.

*Delgado*, 232 Ariz. 182, 186, ¶ 12 (App. 2013). "If an expert meets the 'liberal minimum qualifications,' [his or her] level of expertise goes to credibility and weight, not admissibility." *Id.* (quoting *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 809 (3d Cir. 1997)); *see also State v. Davolt*, 207 Ariz. 191, 210, ¶ 70 (2004) ("The degree of qualification goes to the weight given the testimony, not its admissibility."). We review a superior court's ruling on the admissibility of expert testimony for an abuse of discretion. *State v. Salazar–Mercado*, 234 Ariz. 590, 594, ¶ 13 (2014).

**¶10**　　　The superior court did not abuse its discretion. The detective described his training and experience in determining the age of females depicted in images of child pornography. *See State v. Murray*, 184 Ariz. 9, 29 (1995) (detective's experience sufficient to qualify him as expert under Rule 702). The superior court did not err, much less commit fundamental error, in allowing the testimony.

**¶11**　　　Second, in addition to the detective's testimony, the 23 images were entered in evidence. The jurors could view the images and form their own independent opinions about the ages of the girls in the images. *See United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). "Although expert testimony may help to establish a child's age, ordinary people routinely draw upon their personal experiences to estimate others' ages based upon appearance." *State v. Marshall*, 197 Ariz. 496, 502-03, ¶ 21 (App. 2000). In *Marshall*, we held the superior court erred in precluding the defendant from arguing that the jury could determine based on the appearance of the victim whether the victim was over 15. *Id.* at 502-03, ¶¶ 21-22. The reverse is likewise true; drawing on their personal experiences, the jurors could find the children depicted in the images in this case were under the age of 15 based on their appearances in the images. *See United States v. Rayl*, 270 F.3d 709, 714 (8th Cir. 2001) (jurors may make their own conclusions about the age of children depicted in child pornography). On this record, substantial evidence exists from which the jurors could find that the children were under the age of 15.

**B.　　Jury Instructions.**

**¶12**　　　Meyer next argues the superior court erred by failing to instruct the jury that the children depicted in the images had to be "real" or "actual" children. Because Meyer neither requested such an instruction nor objected to its omission, he has forfeited any right to appellate relief except for fundamental error. Ariz. R. Crim. P. 21.3(c) ("No party may assign as error on appeal the court's giving or failing to give any instruction . . . unless the party objects thereto before the jury retires to consider its verdict[.]");

*Henderson*, 210 Ariz. at 567, ¶ 19. Error is fundamental if a defendant shows "that the error complained of goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Henderson*, 210 Ariz. at 568, ¶ 24.

**¶13** "Where the law is adequately covered by instructions as a whole, no reversible error has occurred." *State v. Doerr*, 193 Ariz. 56, 65, ¶ 35 (1998). "Where terms used in an instruction have no technical meaning peculiar to the law in the case but are used in their ordinary sense and commonly understood by those familiar with the English language, the court need not define these terms." *State v. Barnett*, 142 Ariz. 592, 594 (1984).

**¶14** The superior court instructed the jury it had to find that Meyer knowingly possessed a visual depiction of "a minor" engaged in certain conduct. It further instructed the jury that a "minor" is "a person or persons who were under eighteen years of age at the time a visual depiction was created, adapted or modified." *See* A.R.S. § 13–3551(6) (2016) (defining "minor"). "[D]escribing 'minor' in the past tense, evidences a clear intent that the minor be an actual living human being in that it implies the subject has the ability to age, *i.e.*, become older through the passage of time. Fictitious persons do not possess this quality." *State v. Hazlett*, 205 Ariz. 523, 527, ¶ 11 (App. 2003). By instructing the jury in this fashion about the definition of "minor," the superior court adequately instructed the jury that each image had to depict an actual person who was under the age of 18 at the time the depiction was created, adapted or modified.

**¶15** Relying on *Hazlett*, Meyer further argues the superior court erred by instructing the jury that it could draw the inference "that the 'participant was a minor if the visual depiction or live act through its title, text or visual representation depicted the participant as a minor.'" In *Hazlett*, this court held A.R.S. § 13–3556 (2016), from which the language of the "draw the inference" instruction was taken, was unconstitutionally overbroad because it could allow a conviction even when "no actual child was a participant in the depiction[.]" *Id.* at 529 n.10, ¶ 17.

**¶16** Because Meyer did not object to the instruction below, we again review solely for fundamental error. *Henderson*, 210 Ariz. at 567, ¶ 19. Under this standard of review, a defendant must establish both fundamental error and actual prejudice. *Id.* at ¶ 20. "[I]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *State v. Zaragoza*, 135 Ariz. 63, 66 (1983) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)); *accord State v. Gomez*, 211 Ariz. 494, 499, ¶ 20 (2005); *State v. Van Adams*, 194

Ariz. 408, 415, ¶ 17 (1999). When a defendant argues a jury instruction constituted fundamental error, to establish the prejudice required for reversal, the defendant "must show that a reasonable, properly instructed jury could have reached a different result." *State v. Dickinson*, 233 Ariz. 527, 531, ¶ 13 (App. 2013) (quotation omitted). In evaluating prejudice, we consider "the parties' theories, the evidence received at trial and the parties' arguments to the jury." *Id.*

**¶17** In this case, Meyer cannot show the instruction prejudiced him because no reasonable, properly instructed jury would have failed to determine that the charged images depicted actual minors. Although some of the images bore labels implying they depicted children, the images themselves clearly are of actual minors, not adults pretending to be minors. Indeed, on appeal, Meyer concedes the evidence is sufficient to show that each child was "pre-pubescent." Moreover, Meyer directs this court to nothing in the record to suggest that the children depicted in the images are computer-generated depictions of children (not real children) or that the images were otherwise deceptive as to the subjects' ages. Therefore, regardless whether the superior court erred in instructing the jury pursuant to A.R.S. § 13–3556, Meyer has not met his burden to establish resulting prejudice.

## C.    **Double Jeopardy.**

**¶18** Meyer also argues that the superior court violated the double jeopardy clauses of the United States and Arizona Constitutions when it imposed consecutive sentences for each of the 23 counts of sexual exploitation because his possession of the 23 images was a single act, and therefore the sentences constituted multiple punishments for the same offense. *See Taylor v. Sherrill*, 169 Ariz. 335, 338 (1991) (double jeopardy clause prevents imposition of multiple punishments for same offense). Although Meyer did not raise this argument in the superior court, a double jeopardy violation constitutes fundamental error. *State v. Millanes*, 180 Ariz. 418, 421 (App. 1994). We review double jeopardy claims *de novo*. *State v. Moody*, 208 Ariz. 424, 437, ¶ 18 (2004).

**¶19** Meyer contends his possession of the 23 images of child pornography constitutes a single offense because the images were downloaded and accessed on one occasion. But Meyer was convicted under A.R.S. § 13-3553(A)(2) (2016) for "possessing . . . any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct." Pursuant to A.R.S. § 13-3551(12), visual depiction "includes each visual image that is contained in [a] . . . photograph or data stored in any

form and that is capable of conversion into a visual image." Under the statutes, therefore, "possession of each image of child pornography is a separate offense." *State v. Berger*, 212 Ariz. 473, 474, ¶ 3 (2006); *see also State v. Jensen*, 217 Ariz. 345, 348 n.5, ¶ 6 (App. 2008) (Possession of child pornography is "defined in terms of the visual image itself rather than any specific media or physical object containing the image."). Thus, regardless whether Meyer acquired the images simultaneously, his possession of each image constitutes a separate offense. *See State v. McPherson*, 228 Ariz. 557, 560, ¶ 7 (App. 2012). Accordingly, Meyer did not commit a single act for which the superior court subjected him to more than one punishment; rather, he committed 23 separate acts of possession of child pornography. Because Meyer was properly convicted of multiple counts of sexual exploitation of a minor, the superior court did not impose multiple punishments for a single offense in violation of the prohibition against double jeopardy.

**D.    Cruel and Unusual Punishment.**

**¶20**        Finally, Meyer contends the combined length of his sentences is disproportionate to the offenses and therefore violates the constitutional prohibition against cruel and unusual punishment. *See* U.S. Const. amend. VIII. Meyer acknowledges our supreme court rejected this same argument in upholding sentences totaling 200 years in *Berger*, 212 Ariz. at 483, ¶ 51, but argues that *Berger* was wrongfully decided. As an intermediate appellate court, we are bound by the decisions of our supreme court and have no authority to disregard or overturn them. *Sell v. Gama*, 231 Ariz. 323, 330, ¶ 31 (2013). Under *Berger*, Meyer's sentences do not violate the Eighth Amendment.

**CONCLUSION**

**¶21**        For the foregoing reasons, we affirm Meyer's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: AA