IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ANSELMO SANCHEZ-RODRIGUEZ, *Appellant.*

No. 1 CA-CR 24-0441

FILED 12-10-2025

---

Appeal from the Superior Court in Yuma County
No. S1400CR202201218
The Honorable Darci D. Weede, Judge

**VACATED AND REMANDED WITH INSTRUCTIONS**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman & Joseph E. Begun (argued)
*Counsel for Appellee*

Zachary Law Group, PLC, Mesa
By Jessica Zachary (argued)
*Counsel for Appellant*

---

**OPINION**

---

Presiding Judge Paul J. McMurdie delivered the Court's opinion, in which
Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

¶1        After a trial, a jury found Anselmo Sanchez-Rodriguez guilty of one count of sexual conduct with a minor, a Class 2 felony, and one count of attempted sexual conduct with a minor, a Class 3 felony. The court sentenced him to consecutive terms of imprisonment for life and ten years. Sanchez-Rodriguez raises several issues on appeal, but we resolve the appeal solely on double jeopardy grounds. Because the court accepted Sanchez-Rodriguez's guilty plea before the trial, jeopardy attached, and the later trial was a nullity. Thus, we vacate the judgment and sentences from the jury trial, reinstate the convictions under the plea agreement, and remand the case to allow the parties to go to sentencing. *See United States v. McIntosh*, 580 F.3d 1222, 1229 (11th Cir. 2009).

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2        In October 2022, a grand jury indicted Sanchez-Rodriguez for two counts of sexual conduct with a minor under twelve (counts one and two), one count of attempted sexual conduct with a minor under twelve (count three), and one count of molestation of a child under fifteen (count four). The parties reached a plea agreement, and the superior court held a change-of-plea hearing.

¶3        Under the plea agreement's terms, Sanchez-Rodriguez would plead guilty to count three and amended count four (attempted molestation of a child per domestic violence), and in return, the State would dismiss counts one and two. The plea agreement stipulated that Sanchez-Rodriguez would receive a 12-year term of imprisonment for amended count four and lifetime probation for count three. At the change-of-plea hearing, the court informed Sanchez-Rodriguez about the constitutional rights he waived by entering into the plea agreement, and he acknowledged that he understood. And while Sanchez-Rodriguez twice told the court that he wanted the plea agreement and answered all the court's questions affirmatively, he twice told the court that he pled not guilty after a plea colloquy. After the second "not guilty" statement by Sanchez-Rodriguez, the court proceeded with a

---

[1]     We view the facts in the light most favorable to sustaining the judgment. *State v. Mendoza*, 248 Ariz. 6, 11, n.1 (App. 2019).

*Donald*[2] advisement, ensuring that he understood the potential consequences of rejecting the plea agreement and proceeding to trial.

**¶4** After the *Donald* advisement, the court again asked Sanchez-Rodriguez how he pled, and he answered "[w]ell, guilty." The court responded that "[t]he Court finds that the defendant's plea of guilty has been made knowingly, intelligently, and voluntarily, that there's a sufficient factual basis. The Court accepts the pleas of guilty and enters them of record." The court then scheduled a sentencing date. After the court accepted the guilty pleas, the State addressed the court with concerns about the change-of-plea record. But before it could request that the court make additional findings, the court vacated its acceptance of the plea and affirmed a trial date. The State then claimed that a resolution was possible, but the court responded that it had withdrawn its acceptance of the plea. The court then adjourned the hearing.

**¶5** At the trial, a jury found Sanchez-Rodriguez not guilty on counts one and four but guilty on counts two and three. The court sentenced Sanchez-Rodriguez to ten years' imprisonment for count three and life imprisonment for count two, with the sentences to run consecutively. Sanchez-Rodriguez appealed. We have jurisdiction under Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶6** Sanchez-Rodriguez raises several arguments on appeal. After reviewing the record, this court identified potential fundamental error related to the superior court's vacatur of its acceptance of the plea agreement. The issue was discussed at oral argument, and we ordered further briefing on the issue. Because we resolve the case on double jeopardy grounds, we do not address Sanchez-Rodriguez's remaining arguments.

**¶7** The State and a defendant "may negotiate and reach agreement on any aspect of a case," Ariz. R. Crim. P. 17.4(a)(1), unless limited by public policy or the law, *State v. Rutherford,* 154 Ariz. 486, 488, 489, n.1 (1987). Once the parties enter into a written plea agreement, the superior court may either accept it, reject it, or reserve acceptance until a later date. *Dominguez v. Meehan,* 140 Ariz. 329, 331 (App. 1983), *adopted and approved,* 140 Ariz. 328 (1984). Once the court accepts a plea agreement, it is

---

2       *See State v. Donald*, 198 Ariz. 406 (App. 2000).

bound by all the agreement's provisions, except those about the sentence or probation terms. Ariz. R. Crim. P. 17.4(d); *State v. Hancock*, 237 Ariz. 125, 129, ¶ 13 (2015); *Williams v. Superior Court,* 130 Ariz. 209, 210 (1981).

¶8    "A party's ability to withdraw from a plea agreement depends on whether the court has accepted the plea, which then constitutes a conviction." *Hancock*, 237 Ariz. at 129, ¶ 14. Either party may withdraw from the agreement before the court accepts it. Ariz. R. Crim. P. 17.4(b). And even after being accepted by the court, a defendant may withdraw from it if the court rejects a provision in the plea agreement about the sentence or probation terms. Ariz. R. Crim. P. 17.4(e); *see also* Ariz. R. Crim. P. 17.5 (The court may allow a defendant to withdraw from a plea if necessary to avoid manifest injustice.). If the defendant withdraws, the plea agreement is void, and the parties are returned to their original positions. *Dominguez*, 140 Ariz. at 331.

¶9    "Unlike the defendant, the [S]tate generally cannot withdraw from an agreement [after acceptance] if the court rejects a provision regarding the sentence or the term and conditions of probation because jeopardy has attached, and proceeding to trial would place the defendant in double jeopardy in violation of the state and federal constitutions." *Hancock*, 237 Ariz. at 130, ¶ 15; *see also State v. Tellez*, 165 Ariz. 381, 384 (App. 1990) (Unless the court rejects the sentencing stipulations, "[t]he state may not withdraw from the [plea] agreement without violating defendant's constitutional protection against double jeopardy."); *Williams,* 130 Ariz. at 210 ("Rejecting the plea after acceptance and setting the case for trial constitutes double jeopardy."). Only if a defendant waived double jeopardy protection in the plea agreement can the State withdraw from it. *See Ricketts v. Adamson,* 483 U.S. 1, 9-10 (1987); *Dominguez,* 140 Ariz. at 331-32. But because neither the State nor Sanchez-Rodriguez moved to withdraw from the plea agreement in this case, the issue is whether the court could vacate the plea agreement sua sponte after acceptanc*e. See State v. De Nister*, 143 Ariz. 407, 412 (1985) ("Once a court accepts a plea of guilty, the accused is put in jeopardy [and a] court may not, therefore, sua sponte, enter an order vacating the acceptance of the plea of guilty and set the case for trial.").

¶10    Both the United States and Arizona Constitutions contain prohibitions against double jeopardy applicable here. U.S. Const. Amend. V; Ariz. Const. art. 2, § 10; *see also Benton v. Maryland*, 395 U.S. 784, 795 (1969) (Applying the Double Jeopardy Clause of the United States Constitution to the States through the Fourteenth Amendment.). The Double Jeopardy Clause provides three distinct but related protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection

against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. *Jones v. Thomas*, 491 U.S. 376, 380-81 (1989); *State v. Millanes*, 180 Ariz. 418, 420 (App. 1994).

¶11 The issue here is whether Sanchez-Rodriguez was convicted when the superior court stated it accepted his guilty plea. If the court accepted the plea such that jeopardy attached and then improperly vacated its acceptance, the later trial violated the second double jeopardy protection—the prohibition on a second prosecution after a conviction. *See Jones*, 491 U.S. at 380-81; *Millanes*, 180 Ariz. at 420. We review *de novo* whether a double jeopardy violation occurred. *State v. Ruiz*, 239 Ariz. 379, 383, ¶ 11 (App. 2016).

¶12 We first analyze whether Sanchez-Rodriguez waived his double jeopardy rights. Next, we address whether jeopardy attached at the May 2023 change-of-plea hearing. Finally, we address the correct remedy for a double jeopardy violation that occurs after a court accepts a guilty plea.

## A. Sanchez-Rodriguez Retains the Right to Raise His Double Jeopardy Claim on Appeal.

¶13 A defendant may waive his or her constitutional rights, including protections against double jeopardy. *Dominguez*, 140 Ariz. at 332. "What suffices for waiver depends on the nature of the right at issue." *New York v. Hill*, 528 U.S. 110, 114 (2000); *see also State v. Emedi*, 251 Ariz. 78, 83, ¶ 17 (App. 2021). "[W]hether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." *Hill*, 528 U.S. at 114 (quotation omitted).

¶14 Sanchez-Rodriguez did not object when the superior court vacated its acceptance of his plea. The failure to object in the superior court normally forfeits all but fundamental error review. *Ruiz*, 239 Ariz. at 382, ¶ 11. But a double-jeopardy violation constitutes fundamental prejudicial error. *State v. Rodriguez*, 251 Ariz. 90, 94, ¶ 6 (App. 2021) ("[A] successful double jeopardy claim constitutes fundamental, prejudicial error."); *State v. Rios*, 252 Ariz. 316, 320, ¶ 14 (App. 2021) ("A double-jeopardy violation constitutes fundamental error."); *State v. Ortega*, 220 Ariz. 320, 324, ¶ 7 (App. 2008) (same). The "right not to be twice placed in jeopardy is 'fundamental to the American scheme of justice,'" *Millanes*, 180 Ariz. at 421 (quoting *Benton*, 395 U.S. at 796), and the "right must be enforced whenever

a violation is determined to exist," *id.* So, while Sanchez-Rodriguez's failure to object is a waiver, he may still obtain appellate review of his double jeopardy claim because such a violation would constitute fundamental, prejudicial error.

**¶15**  Sanchez-Rodriguez did not have to seek special action review before the jury trial. Double jeopardy claims are appropriate for special action review, thereby preventing a defendant from enduring the strain of an unlawful trial. *State v. Felix*, 214 Ariz. 110, 112, ¶ 11 (App. 2006). But special actions provide no guarantee that a reviewing court will exercise its discretion and consider a petitioner's claims on the merits, *id.* at ¶ 10, or have a sufficient record to decide the claim, *see Piner v. Superior Court*, 192 Ariz. 182, 184, ¶ 8 (1998) (Accepting special action of interlocutory orders and pretrial rulings is disfavored because such rulings often lack a full record and to avoid piecemeal appellate review). Thus, a defendant can choose to vindicate his or her double jeopardy rights through a special action or a direct appeal, and waiting to do so on appeal does not constitute a waiver. *Felix*, 214 Ariz. at 112, ¶¶ 10-11.

**B. When the Court Accepted Sanchez-Rodriguez's Guilty Plea, Jeopardy Attached.**

**¶16**  Sanchez-Rodriguez argues the court rejected his guilty plea and, in doing so, abused its discretion. The State argues that the court accepted Sanchez-Rodriguez's guilty plea and then immediately vacated that acceptance because of voluntariness concerns. Whether the court accepted Sanchez-Rodriguez's plea is the dispositive question because the unconditional acceptance of a plea "is itself a conviction. Like a verdict of a jury[,] it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." *Kercheval v. United States*, 274 U.S. 220, 223 (1927); *see also Dominguez*, 140 Ariz. at 331 (Jeopardy attaches at the court's acceptance of a defendant's guilty plea.). If the court inappropriately vacated its acceptance and then scheduled the case for trial, it violated the prohibition against double jeopardy. *Williams v. Superior Court*, 130 Ariz. 209, 210 (1981).

**¶17**  We begin with the court's words, as reflected in the transcript. The court stated that it "accepts the pleas of guilty and enters them of record." The minute entry, consistent with this acceptance, also shows that the court accepted the guilty plea and recorded it in the official record.

**¶18**  To determine whether the court accepted the plea for double jeopardy purposes, several cases analyzing whether a court's statements

6

constituted an acquittal (where jeopardy also attaches) provide guidance: *State v. Newfield*, 161 Ariz. 470 (App. 1989); *State v. Millanes*, 180 Ariz. 418 (App. 1994); *State v. Musgrove*, 223 Ariz. 164 (App. 2009); and *State v. Ruiz*, 239 Ariz. 379 (App. 2016). In *Newfield*, we determined that there was no double jeopardy violation because the superior court used conditional language when it suggested it *would* grant an acquittal under Arizona Rule of Criminal Procedure 20. *Newfield*, 161 Ariz. at 471-72. We noted that the transcripts showed, and the minute entry confirmed, the statement occurred during an ongoing discussion before the court ultimately denied the acquittal motion request. *Id.* at 472. Jeopardy had not attached because the court changed its mind before it denied the directed verdict. *Id.*

**¶19** Unlike *Newfield*, in *Millanes*, the superior court said, "I am going to continue to hold that Count II is dismissed . . . ." 180 Ariz. at 419. The superior court later reversed its ruling, but only after a recess and objections from the State. *Id.* On appeal, we concluded that the court's statements were not conditional and that jeopardy had attached to the acquittal, precluding the court from changing its mind. *Id.* at 419, 423.

**¶20** In *Musgrove*, we held that the superior court had "clearly granted" the defendant's acquittal motion when it said, "I DV'd [entered a directed verdict on] the conspiracy" charge. 223 Ariz. at 168, ¶¶ 11, 13. While the court allowed the State to argue its position, the court informed the State that it would not change its mind. *Id.* at ¶ 11. But after the State made its arguments, the court reversed its ruling. *Id.* We again concluded that the superior court's statement that it had "DV'd the conspiracy" charge was not conditional; that jeopardy attached to the acquittal; and that it was error for the court to change its ruling. *Id.* at ¶¶ 13-14.

**¶21** Finally, in *Ruiz*, the superior court's statement was ambiguous. 239 Ariz. at 383, ¶ 15. The court stated it was "going to dismiss" the counts, suggesting either that it was doing so or that it would do so in the future. *Id.* at 383-84, ¶ 15. But while the transcript suggested ambiguity, the minute entry clarified that the court had granted the motion before it sought to reverse itself. *Id.* at 384, ¶ 16. We concluded that the court had granted an acquittal and violated double jeopardy by reversing itself and proceeding with the trial. *Id.*

**¶22** We now turn back to our facts. After Sanchez-Rodriguez pled guilty, the superior court stated, "[t]he Court finds that the defendant's plea of guilty has been made knowingly, intelligently, and voluntarily, that there's a sufficient factual basis. The Court accepts the pleas of guilty and enters them of record." And while the record reflects the difficulty

establishing a voluntary plea before these statements, the court's statements are not ambiguous about its acceptance of the plea. The statement, made in the present tense, established that acceptance occurred immediately. The court's later statement that it "will vacate the acceptance of the plea" confirmed that it had accepted the plea, because it could not act to vacate a non-existent acceptance. The minute entry also reflects this interpretation.[3]

¶23        Having determined the superior court accepted Sanchez-Rodriguez's plea, jeopardy attached when it did so.[4] Thus, his subsequent trial created a double-jeopardy violation constituting fundamental, prejudicial error, *see Rodriguez*, 251 Ariz. at 94, ¶ 6, and we vacate the convictions arising from it.

## C.        **The Plea Agreement Remains in Effect.**

¶24        The parties argue that, assuming fundamental error exists, we should remedy the error by remanding with instructions for the State to reoffer the plea, thereby placing the parties in the same position as when the court committed the error by vacating its acceptance. In doing so, both parties cite *State v. Darelli*, 205 Ariz. 458 (App. 2003). But in *Darelli*, the court's interference with plea negotiations occurred before the defendant had a chance to enter a plea that the court could accept. *Id.* at 464-65, ¶¶ 24-26. Here, Sanchez-Rodriguez had entered a plea, and the court accepted it. Once the court accepted the guilty plea, it could not vacate that acceptance *sua sponte. See Lombrano v. Superior Court*, 124 Ariz. 525, 526 (1980).

¶25        If the superior court's vacatur of its acceptance was invalid, Sanchez-Rodriguez's original guilty plea from the May 2023 hearing

---

[3]        We note that a similar analysis applies to a jury verdict. A jury verdict is final if (1) the deliberations are over, (2) the result is announced in open court, and (3) the jury is polled and no dissent is registered. *State v. Kiper*, 181 Ariz. 62, 68 (App. 1994); *United States v. White,* 972 F.2d 590, 595 (5th Cir. 1992). Once no dissent is registered, jeopardy has attached on the verdict, and it is error to allow the jurors to further deliberate. *Id.*

[4]        Under Arizona Rule of Criminal Procedure 33.1(a), after a plea has been accepted, a defendant may challenge the constitutionality of the plea, including because it was not entered knowingly, intelligently, or voluntarily. There is no comparable provision permitting the State or the court to challenge the plea on that basis after the plea has been accepted.

remains in effect. *See McIntosh*, 580 F.3d at 1229. As a result, on remand, the superior court must proceed with sentencing Sanchez-Rodriguez in accordance with the accepted plea agreement. *See Breed v. Jones*, 421 U.S. 519, 541 (1975) (The correct remedy for a post-conviction trial violating double jeopardy is to vacate and remand for sentencing.).

## CONCLUSION

¶26 We vacate the judgment and sentences from the jury trial and remand the case to the superior court for sentencing under the plea agreement.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR