IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

DEC -1 2009

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2008-0294 |
| | ) | DEPARTMENT A |
| Appellee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| DANNY LOUIS MUSGROVE, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20061370

Honorable Howard Fell, Judge Pro Tempore

AFFIRMED IN PART; VACATED IN PART

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Jonathan Bass                              Tucson
                                                        Attorneys for Appellee

Harriette P. Levitt                                                 Tucson
                                                       Attorney for Appellant

H O W A R D, Chief Judge.

¶1        After a jury trial, appellant Danny Musgrove was convicted of one count of first-degree murder, one count of conspiracy to commit first-degree murder, and two

counts of endangerment. The trial court sentenced him to concurrent terms of life imprisonment for the murder and conspiracy to commit murder convictions and to two consecutive terms of 2.25 years' imprisonment for the endangerment convictions. Musgrove raises numerous issues on appeal. For the reasons stated below, we affirm his convictions and sentences for first-degree murder and endangerment, but vacate his conviction and sentence for conspiracy to commit murder.

## Background

**¶2** "We view the facts in the light most favorable to sustaining the convictions." *State v. Robles*, 213 Ariz. 268, ¶ 2, 141 P.3d 748, 750 (App. 2006). Musgrove and the victim were involved in a physical fight. After the fight, Musgrove went to the victim's home, opened a side door, and shot the victim several times, killing him. Musgrove was charged with and subsequently convicted of the victim's murder and other, related charges. This appeal followed.

## Fabricated Evidence

**¶3** Musgrove seeks reversal of his convictions arguing that "tainted" and "fabricated" evidence was introduced at trial, violating his right "to a fair trial and due process under the law." But he did not request any relief from the trial court based on this allegation and has forfeited the right to seek relief on this basis absent fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005) (objection not preserved at trial forfeited on appeal absent fundamental, prejudicial error). He does not argue that fundamental error occurred here, and we find none sua sponte. *See State v. Moreno-Medrano*, 218 Ariz. 349, ¶ 17, 185 P.3d 135, 140

2

(App. 2008) (failure to allege fundamental error on appeal waives argument); *State v. Fernandez*, 216 Ariz. 545, ¶ 32, 169 P.3d 641, 650 (App. 2007) (court will not ignore fundamental error it discovers). Musgrove has neither alleged nor shown fundamental, prejudicial error.

## Prosecutorial Misconduct

**¶4** Musgrove next argues he should be granted a new trial due to alleged prosecutorial misconduct relating to a specific line of questioning at trial. But he did not move for a new trial below, nor did his objection based on relevance preserve a claim of prosecutorial misconduct. *See State v. Rutledge*, 205 Ariz. 7, ¶ 30, 66 P.3d 50, 56 (2003) (claim reviewed only for fundamental error when objection below not on grounds of prosecutorial misconduct). Thus, he has forfeited his right to seek relief on appeal for all but fundamental, prejudicial error. *See Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d at 607. And, because Musgrove does not assert the error was fundamental, even after the state noted that the claim had been forfeited, the issue is waived on appeal, *see Moreno-Medrano*, 218 Ariz. 349, ¶ 17, 185 P.3d at 140, although the court will not ignore fundamental error if it sees it, *Fernandez*, 216 Ariz. 545, ¶ 32, 169 P.3d at 650.

## Circumstantial Evidence Instruction

**¶5** Musgrove next argues the trial court erred in refusing to give his requested jury instruction on circumstantial evidence. We review a court's denial of a requested jury instruction for an abuse of discretion. *State v. Cox*, 214 Ariz. 518, ¶ 16, 155 P.3d 357, 360 (App.), *aff'd*, 214 Ariz. 353, 174 P.3d 265 (2007).

3

¶6         "A party is entitled to an instruction on any theory reasonably supported by the evidence." *State v. Rodriguez*, 192 Ariz. 58, ¶ 16, 961 P.2d 1006, 1009 (1998). However, a court need not give an instruction that is covered adequately by other instructions, *State v. Hoskins*, 199 Ariz. 127, ¶ 75, 14 P.3d 997, 1015 (2000), and should reject a "proffered jury instruction that misstates the law or has the potential to mislead or confuse the jury." *State v. Rivera*, 177 Ariz. 476, 479, 868 P.2d 1059, 1062 (App. 1994). "[T]he test is whether the instructions adequately set forth the law applicable to the case." *Rodriguez*, 192 Ariz. 58, ¶ 16, 961 P.2d at 1009. In determining whether the court's instructions set forth the applicable law, we view them in their entirety. *Id*. at 61-62, 961 P.2d at 1009-10.

¶7         Musgrove does not contend that the circumstantial-evidence instruction given to the jury was erroneous. Instead, he claims the trial court should have given his proposed jury instruction because it "explained more clearly to the jury how to rely on circumstantial evidence." But, as the state notes, Musgrove's requested instruction draws a distinction between the weight assigned to circumstantial versus direct evidence by implying that a greater degree of proof is required for the jury to rely on circumstantial as opposed to direct evidence. In *State v. Harvill*, our supreme court held that "direct and circumstantial evidence are [of] intrinsically similar [probative value]; therefore, there is no logically sound reason for drawing a distinction as to the weight to be assigned each." 106 Ariz. 386, 391, 476 P.2d 841, 846 (1970). Additionally, the instructions given by the court set forth the applicable law. *See Rodriguez*, 192 Ariz. 58, ¶ 16, 961 P.2d at 1009 (trial court not required to give requested instruction when "its substance is adequately

4

covered by other instructions). The court therefore was not required to give Musgrove's requested instruction and did not err in refusing to do so.

## Lesser Included Offense Instructions

**¶8** Musgrove further argues the trial court erred in failing to instruct the jury on the elements of the lesser included offense of the charge of first-degree murder. The state contends the failure to give this instruction was invited error because, although Musgrove initially had requested a lesser included offense instruction, he later withdrew his request. We will not reverse, even for an allegedly fundamental error, if the defendant invited the error. *State v. Fish*, 222 Ariz. 109, ¶ 79, 213 P.3d 258, 281 (App. 2009). The invited-error doctrine exists to prevent a party from inserting error in the trial court proceedings and then profiting from such error on appeal. *State v. Logan*, 200 Ariz. 564, ¶ 11, 30 P.3d 631, 633 (2001).

**¶9** Here, Musgrove expressly informed the trial court that he did not want a lesser included offense instruction, implicitly agreeing with the state that the evidence did not support such an instruction. Because he expressly waived any lesser included instruction, even if the failure to give the instruction was error, such error was invited, and we will not reverse for that reason. *See Fish*, 222 Ariz. 109, ¶ 80, 213 P.3d at 281.

## Motion for Judgment of Acquittal

**¶10** Musgrove finally argues that he was placed in double jeopardy as to count two of the indictment, charging conspiracy to commit first-degree murder, when the trial court granted a motion for judgment of acquittal on that count and then reversed itself. He did not raise this issue below, so he has forfeited all but fundamental error review.

*See Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607. Double jeopardy violations, however, are fundamental error, and we review de novo an assertion that a double jeopardy violation occurred. *State v. Price*, 218 Ariz. 311, ¶ 4, 183 P.3d 1279, 1281 (App. 2008).

¶11 Following Musgrove's motion pursuant to Rule 20, Ariz. R. Crim. P., for a judgment of acquittal on all counts, the state submitted the issue on the evidence without argument. The trial court acquitted Musgrove on count two of the indictment, the conspiracy charge, citing a lack of substantial evidence. When the state said it was confused by the court's ruling, the court said: "I DV'd the conspiracy." When the state then asked to be allowed to argue its position, the court said: "Go ahead. You have already submitted it, and I am not going to change my mind." But after the state presented its argument, the court reversed its ruling, thereby allowing count two to go to the jury. The minute entry likewise reflects that the court entered a "judgment of acquittal as to [c]ount [t]wo" and then reversed itself. The jury found Musgrove guilty on this count.

¶12 In *State v. Newfield*, 161 Ariz. 470, 472, 778 P.2d 1366, 1368 (App. 1989), this court held that the trial court did not err when it considered a motion for judgment of acquittal, seemed to state that it would grant it, but was subsequently persuaded to deny the motion after continuing discussion between the parties. In contrast, in *State v. Millanes*, 180 Ariz. 418, 421-23, 885 P.2d 106, 109-11 (App. 1994), we held that a trial court's reversal of a judgment of acquittal had placed the defendant in double jeopardy because the transcript and the court's minute entry left no question that an acquittal had

6

been granted. *Id*. at 422, 885 P.2d at 110. In *Millanes*, this court distinguished *Newfield* because there the trial court had merely considered Newfield's motion before denying it, rather than having granted an acquittal it later reversed. *Id.* We stated:

> Whether the state attempts to do it by bringing a second indictment, appealing the acquittal to a higher court, or, as occurred here, by directly seeking to have the trial court reverse its ruling of acquittal makes no difference. In any of these situations, there would have to be further fact-finding proceedings for the state to obtain a conviction. Regardless of the manner, "subjecting the defendant to post-acquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause."

*Id.* at 423, 885 P.2d at 111, *quoting Smalis v. Pennsylvania*, 476 U.S. 140, 145 (1986).

¶13 Here, the trial court clearly granted Musgrove's motion for a judgment of acquittal; the reporter's transcript and the court's minute entry both reflect this ruling. For the state then to secure a conviction on the conspiracy charge there would have had to be "further fact-finding proceedings." *Millanes*, 180 Ariz. at 423, 885 P.2d at 111. *Millanes* makes clear that a trial court's reversing its own decision will not avert a double jeopardy violation. *See id.*

¶14 The state contends *Newfield* is controlling and attempts to distinguish *Millanes* by arguing that the break in proceedings there between the trial court's judgment of acquittal and its reversal of that judgment was a key factor in the appellate court's analysis. But granting a judgment of acquittal is an event with legal significance, and double jeopardy attaches immediately. *See Lemke v. Rayes*, 213 Ariz. 232, ¶ 19, 141 P.3d 407, 414 (App. 2006). Although in *Millanes*, this court did mention the break in proceedings when distinguishing *Newfield*, we relied most heavily on the *Newfield*

7

court's determination that the motion for judgment of acquittal only had been considered but not actually decided before being denied. 180 Ariz. at 422, 885 P.2d at 110. Because we find *Millanes* to be controlling, we hold that the trial court's reversal of its judgment of acquittal placed Musgrove in double jeopardy, and we, therefore, vacate his conviction and sentence for conspiracy to commit first-degree murder.

## Conclusion

¶15       In light of the foregoing, we affirm Musgrove's convictions and sentences for first-degree murder and both counts of endangerment. We vacate his conviction and sentence for conspiracy to commit first-degree murder.

_____
JOSEPH W. HOWARD, Chief Judge

CONCURRING:


_____
PHILIP G. ESPINOSA, Presiding Judge


_____
GARYE L. VÁSQUEZ, Judge

8