NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JULIE MAZZOLA, *Defendant/Appellant*.

No. 1 CA-CR 15-0738
FILED 1-26-2017

Appeal from the Superior Court in Mohave County
No. S8015CR201401533
The Honorable Billy K. Sipe Jr., Judge Pro Tem

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge John C. Gemmill[1] joined.

---

**T H O M P S O N**, Judge:

**¶1**　　　Julie Mazzola (defendant) appeals from her convictions and sentences for possession of methamphetamine for sale and possession of drug paraphernalia.  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY[2]

**¶2**　　　In November 2014, Lake Havasu City Police Department Detective T.J. Frances obtained a search warrant to search defendant's residence, where she lived with her then-boyfriend, Kevin Minert (Minert), and her person, vehicle, and electronic devices.  Detective Frances found text messages containing typical drug trade language on defendant's cell phone, including messages referencing "20 and 40 bags" and a "quarter ounce for 350."  Police searched defendant's home and found two glass methamphetamine pipes with residue in a woman's purse and a large chunk of methamphetamine in a makeup container in one of the two bedrooms.  They also found "tooter" straws with methamphetamine residue and a small baggie with methamphetamine residue in a metal container in a bedroom closet.  In another bedroom, police found more methamphetamine and drug paraphernalia.  When tested, the methamphetamine found at defendant's home totaled about a quarter of an ounce or about seven grams.[3]  Police found a third glass pipe in a pair of

---

[1]　　　The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]　　　We view the evidence in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against defendant.  *State v. Nelson*, 214 Ariz. 196, 196, ¶ 2, 150 P.3d 769, 769 (App. 2007).

[3]　　　Detective Francis testified that the combined weight of a quarter of an ounce (about seven grams) of methamphetamine found in defendant's

woman's jeans hanging in a bedroom closet and $290 in cash throughout the bedroom.

¶3        Police arrested defendant and interviewed her at the police station.  Defendant told Detective Frances that she sold methamphetamine, typically in small amounts (20 or 40 bags) to three or four individuals, but that she had recently upped the amount she sold to a quarter ounce.  Defendant stated she had done so in order to get rid of the methamphetamine she had so she could stop selling it.  Defendant told Detective Frances that she was forced to sell drugs to pay off a debt, and that the individuals she owed money to had threatened to harm her mother.  Defendant told Detective Francis that Minert knew she was selling drugs but he was not involved in her drug selling.

¶4        The state charged defendant with one count of possession of dangerous drugs for sale, a class 2 felony (count one), and one count of possession of drug paraphernalia, a class 6 felony (count two).  Defendant was tried in absentia and a jury convicted her as charged.[4]  The trial court held an evidentiary hearing and found that defendant had three prior historical felony convictions.  The court sentenced her to a mitigated sentence of thirteen years in prison for count one and three years in prison for count two, to be served concurrently.  The court gave defendant credit for 129 days of presentence incarceration.  Defendant timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) (2016), 13-4031 (2010), and -4033(A)(1) (2010).[5]

## DISCUSSION

¶5        Defendant raises three issues on appeal:  1) whether the trial court committed reversible error by failing to grant her motion to instruct the jury on the lesser-included offense of possession of methamphetamine; 2) whether the trial court abused its discretion by failing to find that her absence from trial was involuntary or to inquire into the issue, and 3)

---

residence was indicative of possession for sale, and that the most common purchase for a typical methamphetamine user was about a quarter of a gram.

[4]        At trial defendant argued she only sold methamphetamine under duress and the jury was instructed on duress.

[5]        Absent material changes from the relevant date, we cite a statute's current version.

whether the trial judge committed reversible error by failing to *sua sponte* recuse himself.

## A. Defendant's Requested Jury Instruction

**¶6**          During the settling of the final jury instructions, defendant requested an instruction on the "lesser included of simple possession."  The trial court declined to instruct the jury on simple possession.  In explaining its ruling, the trial court noted that defendant was arguing that she sold the methamphetamine while under duress, and further stated:

> [E]ven just standing alone - - even absent the duress defense, I don't even know that a lesser included would be appropriate under the facts of the case.  Because there was no statement from her to the detective that she was actually just using these drugs.  The statement was she was selling drugs. . . .  So I don't think that the facts even support a lesser included on simple possession.
>
> . . .
>
> And again, standing alone, even if this was not a duress-suggested defense, I don't believe the facts support a lesser included.  And typically you always do give a lesser included, sometimes out of routine, on possession for sale cases.  But, again, I just don't think, based on the evidence presented by the State and the defense . . . there really is a justification for a lesser included, because there's no evidence this was personal use.

The court noted that while there were methamphetamine pipes and straws found in defendant's residence, the evidence at trial was that "somebody that can sell drugs can also be a user of drugs."

**¶7**          A defendant is entitled to a jury instruction on any theory reasonably supported by the evidence. *State v. Rodriguez,* 192 Ariz. 58, 61, ¶ 16, 961 P.2d 1006, 1009 (1998).  We review the trial court's denial of a requested jury instruction for an abuse of discretion. *State v. Musgrove*, 223 Ariz. 164, 167, ¶ 5, 221 P.3d 43, 46 (App. 2009).  We will affirm the trial

court's ruling if the result was legally correct for any reason. *State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984) (citation omitted).

**¶8**        Defendant argues that the trial court improperly precluded her from raising inconsistent defenses when it denied her request for an instruction on the lesser-included offense of possession of methamphetamine. However, no rational juror could conclude that defendant committed the crime of possession of methamphetamine for personal use but not the charged offense. *See State v. Wall*, 212 Ariz. 1, 4, ¶ 18, 126 P.3d 148, 151 (2006) (citation omitted) ("[T]he evidence must be such that a rational juror could conclude that the defendant committed only the lesser offense."). The evidence in this case overwhelmingly showed that defendant possessed methamphetamine for sale. Defendant told Detective Francis that she sold methamphetamine in small amounts to three or four individuals, but that she had increased the amount she sold. She also told Frances that she was forced to sell drugs to pay off a debt and that Minert was not involved in her drug selling. Further, police found about seven grams of methamphetamine, a scale, and a large amount of cash in small denominations at defendant's residence, and her phone contained text messages indicative of drug sales. Accordingly, we find no error.

## B.  Trial in Absentia

**¶9**        At a pretrial hearing in May 2015, the trial court indicated it would set a trial date of June 1, 2015. Defendant's counsel informed the court that the date would not work for defendant because she had no one else to care for her mother. After going through a number of potential trial dates in July that did not work for the court or the state, the court set the case for trial on June 1. Defendant told the court "My mom will just starve to death if I can't take care of her." The court warned defendant that she must appear for trial and that if she did not, the trial would proceed in her absence.

**¶10**        Defendant failed to appear at the May 13, 2015 final trial management conference. Her attorney indicated that the defense was ready to proceed with trial as scheduled and that he did not know why defendant had failed to appear for the hearing. The state requested the trial court to issue a warrant for the defendant. The court declined to do so, stating, "[t]he bottom line is she's been warned . . . if she fails to appear for her trial, the trial will proceed in her absence. So [if] she's not here June 1st, obviously we'll proceed without her and the Court will address her nonappearance at that time."

¶11 Defendant failed to appear for trial on June 1. Defense counsel indicated he was ready to proceed with trial. At the conclusion of the first day of trial, the state requested a bench warrant for defendant's arrest. The court indicated it would not issue a warrant for defendant unless there was a guilty verdict, because "the defendant has a right not to show for trial and participate if she chooses not to."

¶12 Defendant failed to appear for the second day of trial on June 2. Defendant was convicted as charged and the court issued a bench warrant for defendant's arrest. Defendant was arrested in Kansas several months later and charged with failure to appear in another case. While in jail awaiting sentencing in this case, defendant wrote the court a letter claiming that Minert (to whom she was now married) had kidnapped her on May 12, drugged her, and driven her to New Mexico. She wrote that Minert had kept her locked up for three months until he took her to Kansas, where she was able to call 911, and they were both arrested on their outstanding warrants. Defendant also told the pre-sentence report writer that Minert was mentally ill and that he had held her hostage against her will.

¶13 Defendant argues that she did not voluntarily waive her due process right to be present at trial and the trial court did not allow her to provide an explanation for her absence. She argues that the trial court abused its discretion by proceeding to sentencing without finding her absence was involuntary or inquiring into the issue, and she requests this court to remand for a hearing on whether she was voluntarily absent from trial.

¶14 Arizona Rule of Criminal Procedure 9.1 provides:

> [A] defendant may waive the right to be present at any proceeding by voluntarily absenting himself or herself from it. The court may infer that an absence is voluntary if the defendant had personal notice of the time of the proceeding, the right to be present at it, and a warning that the proceeding would go forward in his or her absence should he or she fail to appear.

Once the requirements of Rule 9.1 are met, the defendant has the burden of showing that her absence was involuntary. *State v. Tudgay*, 128 Ariz. 1, 2, 623 P.2d 360, 361 (1981). Here, the trial court informed defendant at the

pretrial hearing that the court would set a trial date of June 1, 2015, warned her that she must appear for trial, and informed her that if she did not, the trial would proceed in her absence. Thus, the court satisfied the requirements of Rule 9.1. Furthermore, defendant's attorney did not object to the court proceeding with trial in her absence. Defendant was present at the sentencing hearing on October 29, 2015, did not then argue that her absence from trial was involuntary, and did not ever request a determination that her failure to appear was involuntary. Having never been asked to determine whether defendant's absence was involuntary, the trial court was not required to do so *sua sponte*. *See State v. Sainz*, 186 Ariz. 470, 473, 924 P.2d 474, 477 (App. 1996) (under "Rule 9.1, the trial court must, if asked, determine whether the defendant's absence was, in fact, voluntary."). In her October 9 letter to the court, defendant apologized to the court for her absence at trial, blamed her absence on Minert, and requested the court to "sentence [her] to the least amount possible." The letter did not ask the court to do anything other than give defendant leniency in sentencing. Accordingly, we find no error.

## C. Judicial Misconduct

**¶15**        Finally, defendant argues that the trial court "committed judicial misconduct based on actual bias or an appearance of impropriety" by failing to disclose that he had previously represented Minert, a "material witness and third party suspect." Minert was not ultimately called as a witness at trial. When discussing the final jury instructions with counsel and the "mere presence" instruction, the trial court corrected the pronunciation of Minert's name, stating "it is pronounced Minert, because I represented him about 20 years ago . . . ." Defendant did not object or make further inquiry into the judge's previous representation of Minert. She did not at any time file a motion for a change of judge or ask the judge to recuse himself.

**¶16**        The constitutional right to a fair trial includes the right to a fair and impartial judge. *State v. Mincey*, 141 Ariz. 425, 442, 687 P.2d 1180, 1197 (1984). Because defendant failed to object at trial or file a motion for change of judge, we review for fundamental, prejudicial error. *See State v. Granados*, 235 Ariz. 321, 326, ¶ 13, 332 P.3d 68, 73 (App. 2014). We will presume that a trial judge is free from prejudice and bias. *State v. Hurley*, 197 Ariz. 400, 404, ¶ 24, 4 P.3d 455, 459 (App. 2000). Here, defendant does not point to any action, ruling, or conduct by the trial court evidencing bias or prejudice against her. She thus fails to meet her burden of showing she was prejudiced by the court's failure to *sua sponte* recuse itself.

## CONCLUSION

**¶17** For the foregoing reasons, defendant's convictions and sentences are affirmed.

